UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SARA BILLS
on behalf of herself and all
others similarly situated,

        Plaintiff,

  v.

TLC HOMES, INC.
633 St. Clair Avenue
Sheboygan, Wisconsin 53081

        Defendant

Case No. 19-cv-148

**COLLECTIVE AND CLASS ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Sara Bills, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Direct Service Professionals (hereinafter simply "DSP" or "DSPs") of Defendant, TLC Homes, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, TLC Homes, Inc., is a privately owned company doing business as Vista Care that is headquartered in Sheboygan, Wisconsin that provides in-home support, memory care, residential, mental health, and day services to individuals with developmental, physical, and intellectual disabilities in the State Wisconsin.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt DSPs for all hours worked and work performed each workweek, including at an overtime rate of pay, by failing to include all forms of non-discretionary monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in said employees' regular rates of pay for overtime calculation purposes.

4. Defendant's failure to compensate its hourly paid, non-exempt DSPs for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant is a Sheboygan, Wisconsin-based company with a principal office address of 633 St. Clair Avenue, Sheboygan, Wisconsin 53081.

9. In approximately the year 2018, Defendant started doing business in the State of Wisconsin as Vista Care.

10. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed multiple locations throughout the State of Wisconsin.

11. Defendant's registered agent for service in the State of Wisconsin is Timothy A. Frey, with an address of 633 St. Clair Avenue, Sheboygan, Wisconsin 53081.

12. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. Plaintiff, Sara Bills, is an adult male resident of the State of Wisconsin residing at 201 Vilas Avenue, Nekoosa, Wisconsin 54457.

15. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

16. Plaintiff worked as a hourly-paid, non-exempt employee in a DSP position at Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

17. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt DSPs employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed the same or similar job duties as other current and former hourly-paid, non-exempt DSPs employed by Defendant throughout the State of Wisconsin, and Plaintiff and all other current and former hourly-paid, non-exempt DSPs were subject to Defendant's same unlawful policies as enumerated herein.

18. Plaintiff and all other current and former hourly-paid, non-exempt DSPs on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's direction and/or with Defendant's knowledge.

19. Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt DSPs.

20. Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt DSPs.

21. Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt DSPs.

22. Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt DSPs abided in the workplace.

23. Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt DSPs.

24. Defendant established Plaintiff's work schedules and the work schedules of all other hourly-paid, non-exempt DSPs.

25. Defendant provided Plaintiff and all other hourly-paid, non-exempt DSPs with work assignments and hours of work.

26. Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt DSPs were tracked and recorded by Defendant.

## **GENERAL ALLEGATIONS**

27. On or about December 17, 2017, Defendant hired Plaintiff as a DSP.

28. In approximately August 2017, Defendant promoted Plaintiff to the position of Foreman.

29. On or about December 27, 2018, Plaintiff's employment with Defendant ended.

30. During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work as an hourly-paid, non-exempt employee on behalf of Defendant, with Defendant's knowledge, and/or at Defendant's direction.

31. The vast majority of Defendant's employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were employed as hourly-paid, non-exempt DSPs.

32. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt DSPs often worked at least and/or in excess of five (5) days per workweek.

33. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt DSPs often worked in excess of forty (40) hours per workweek.

34. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt DSPs bi-weekly via check.

35. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

36. On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt DSPs employed by Defendant.

## NON-DISCRETIONARY COMPENSATION

37. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt DSPs with, in addition to their hourly or regular rates of pay, other non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards.

38. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the non-discretionary forms of compensation identified in the aforementioned paragraph with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt DSPs, in addition to their hourly or regular rates of pay, were remunerated to Plaintiff and all other hourly-paid, non-exempt DSPs on approximately a bi-weekly, monthly, and/or quarterly basis.

39. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of compensation with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt DSPs, in addition to their hourly or regular rates of pay, were non-discretionary in nature: they were made pursuant to a known plan or (performance or

productivity) formula and/or were announced and known to Plaintiff and all other current and former hourly-paid, non-exempt DSPs to encourage retention, hours worked, and/or to reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

40. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all non-discretionary forms of compensation in Plaintiff's and all other hourly-paid, non-exempt DSPs' regular rates of pay for overtime calculation purposes.

41. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt DSPs for all hours actually worked each workweek.

42. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to compensate Plaintiff and all other hourly-paid, non-exempt DSPs for all hours actually worked each workweek at the correct and lawful overtime rate of pay.

43. Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt DSPs for all hours actually worked each workweek at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

44. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective**: All hourly-paid, non-exempt DSPs employed by Defendant within three (3) years immediately prior to the filing of this Complaint (ECF No. 1) who, in addition to regular wages, received non-discretionary forms of monetary compensation that were not included in their regular rates of pay for overtime calculation purposes.

45. Defendant, as a matter of policy and practice, did not include all non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

46. Plaintiff's FLSA Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

47. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

48. Plaintiff and the FLSA Collective is similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

49. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked at the correct and lawful overtime rate of pay by failing to include all non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in Plaintiff's and all other hourly-paid, non-exempt DSPs' regular rates of pay for overtime calculation purposes.

50. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

51. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

52. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All hourly-paid, non-exempt DSPs employed by Defendant within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) who, in addition to regular wages, received non-discretionary forms of monetary compensation that were not included in their regular rates of pay for overtime calculation purposes.

53. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin

Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

54. The proposed Wisconsin Class are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

55. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

56. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

58. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

60. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether Defendant failed to include non-discretionary forms of monetary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes; and (2) The nature and extent of class-wide injury and the measure of damages for the injury.

61. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of herself and the FLSA Collective)

62. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

64. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

65. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

66. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

67. Defendant violated the FLSA by failing to properly and lawfully compensate the FLSA Collective for all hours worked at the correct and lawful overtime rate of pay by failing to include all non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

68. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

69. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

70. Defendant's failure to include all non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act

willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

71. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

72. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

73. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

74. Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

75. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

76. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

77. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

78. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

79. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

80. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

81. Defendant willfully failed to include all non-discretionary forms of monetary compensation, such as bonuses, stipends, incentives, and/or other monetary rewards, in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

82. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

83. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt DSPs employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt DSPs of Defendant damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt DSPs damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt DSPs liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt DSPs for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt DSPs with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 28th day of January, 2019.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com