# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Sara Bills ("Bills"), individually and on behalf of the putative Rule 23 class action members ("Class Members") and the putative 29 U.S.C. § 216(b) collective action members ("Collective Members") that she represents, and Defendant TLC Homes, Inc. ("Defendant" or "TLC") (collectively, the "Parties").

## RECITALS

**WHEREAS**, Bills filed a Complaint ("Complaint") in the Eastern District of Wisconsin (Milwaukee Division), captioned *Bills v. TLC Homes Inc.*, Case No. 19-cv-148, asserting, *inter alia*, collective claims against Defendant under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for the alleged failure to include certain alleged non-discretionary compensation in hourly-paid, non-exempt Direct Service Professional's ("DSPs") regular rates of pay, including, Bills' regular rate of pay, for overtime compensation (the "FLSA Claim") and related class claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL Claim"); and

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the FLSA and WWPCL Claim alleged in the Complaint, and those claims that could have been so asserted under the FLSA or companion state laws, which might be brought pursuant to those facts alleged in the Complaint by Bills or those hourly-paid, non-exempt DSPs whom Bills seeks to represent; and

**WHEREAS,** Defendant denies all of the allegations asserted in the Complaint, and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the FLSA Claim and WWPCL Claim; nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the FLSA Claim and WWPCL Claim on the terms and conditions set forth in this Agreement; and

**WHEREAS**, Plaintiffs' Counsel, Walcheske & Luzi, among other things, analyzed and evaluated the merits of the claims made against Defendant in the FLSA and WWPCL Claims, conducted interviews with Plaintiffs, engaged in the informal exchange of information with Defendant's Counsel, Quarles & Brady, LLP, obtained and reviewed documents relating to Defendant's compensation policies and practices, and analyzed payroll data, and, based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the FLSA and WWPCL Claims, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties

agree to a full and complete settlement of the FLSA Claim and the WWPCL Claim on the following terms and conditions.

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1** "Class Members" or "Non-Opt-Ins" means those Plaintiffs with the Settlement Class who do not file a Consent to Join form within thirty (30) calendar days[1] following service of the Settlement Notice and do not affirmatively opt-out of the Settlement.

**1.2** "Collective Members" or "FLSA Opt-Ins" means those Plaintiffs within the Settlement Class who file a Consent to Join form within thirty (30) days following service of the Settlement Notice.

**1.3** "Complaint" means the federal court Complaint dated January 28, 2019 that was filed in the United States District Court for the Eastern District of Wisconsin and entitled *Sara Bills, on behalf of herself and all others similarly situated v. TLC Homes Inc.*, Case No. 19-cv-148.

**1.4** "Court" means the United States District Court for the Eastern District of Wisconsin.

**1.5** "Defendant" or "TLC Homes" means TLC Homes Inc. and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.6** "Defendant's Counsel" Quarles & Brady, LLP.

**1.7** "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation applicable to the allegations of the Complaint and arising under this Agreement, including FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

**1.8** "FLSA Claim" means the FLSA claims raised on behalf of the putative Collective Members in the litigation captioned *Bills v. TLC Homes Inc.*, Case No. 19-cv-148 filed in the United States District Court for the Eastern District of Wisconsin.

**1.9** "FLSA Collective" shall be comprised of all Collective Members.

**1.10** "Gross Settlement Amount" means Thirty-Eight Thousand Dollars and Zero Cents ($38,000.00) which is the maximum amount that Defendant has agreed to pay to fully resolve and settle the FLSA Claim and WWPCL Claim, and which includes any claim for

---

[1] Any reference to days herein shall mean calendar days unless otherwise stated.

attorneys' fees and costs approved by the Court, any and all amounts to be paid to Plaintiff, and any Court-approved Service Awards. Defendant will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes.

**1.11** "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, or allocations for: (a) Court-approved attorneys' fees and costs for Plaintiffs' Counsel; and (b) Court-approved Service Award for Bills.

**1.12** "Notice Packet" refers to, collectively, the Settlement Notice and Release and Claim Form to be issued to each Collective Member and Class Member, in accordance with Section 2.

**1.13** "Notice Period" shall mean be a period of thirty (30) days following service of the Settlement Notice.

**1.14** "Order Granting Approval of Settlement" or "Approval Order" means an order to be entered by the Court which gives final approval to the Settlement and this Agreement, and enters Final Judgment, dismissing the FLSA Claim and WWPCL Claim with prejudice.

**1.15** "Parties" collectively means the Named Plaintiff, Sara Bills, individually and on behalf of the Collective Members and Class Members whom she purports to represent, and the Defendant, TLC Homes.

**1.16** "Plaintiffs" means any and all members of the Settlement Class, including Plaintiff Sara Bills, Class Members, and Collective Members.

**1.17** "Plaintiffs' Counsel" means Walcheske & Luzi, LLC.

**1.18** "Releasees" means TLC Homes and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.19** "Settlement," "Settlement Agreement," or "Agreement" means this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding the FLSA Claim and WWPCL Claim, and which is subject to Court approval.

**1.20** "Settlement Effective Date" means a date which is thirty (30) days after the entry of Final Order Approving Settlement in *Bills v. TLC Homes Inc.*, Case No. 19-cv-148.

**1.21** "Settlement Check" means the check issued to each Plaintiff for their proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.22** "Settlement Check Void Date" means the 120-day period that a Plaintiff has to sign and cash a Settlement Check after it is received as defined in Section 2.4.

**1.23** "Settlement Class" means all hourly-paid, non-exempt Direct Service Professionals ("DSPs") employed by Defendant in its Wisconsin facilities within the two (2) year period immediately preceding the filing of the Complaint and who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus.

**1.24** "Settlement Payments" means the settlement payment amounts attributed to each Plaintiff, in accordance with Section 3 for the amounts reflected in **Exhibit A**.

**1.25** "Settlement Notice" means the document entitled Notice of Settlement to be approved by the Court in a form substantially similar to the document attached hereto as **Exhibit B**.

**1.26** "WWPCL Claim" means the WWPCL claims raised on behalf of the putative Class Members in the litigation captioned *Bills v. TLC Homes Inc.*, Case No. 19-cv-148 filed in the United States District Court for the Eastern District of Wisconsin.

**1.27** "WWPCL Class" shall be comprised of all Class Members.

## 2. JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS

**2.1** Binding Agreement. This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the FLSA Claim and WWPCL Claim.

**2.2** Preliminary Approval of Settlement.

1. Within thirty (30) days from the execution of this Agreement, Plaintiffs' Counsel shall file a joint Motion for Order Approving this Agreement ("Approval Motion"). Plaintiffs' Counsel will provide Defendant's Counsel with a draft of the Approval Motion for review and comment as soon as practicable before filing it with the Court. With the Approval Motion, Plaintiffs' Counsel also will file this Agreement along with all Exhibits attached hereto. Among other things, the Approval Motion will ask the Court for:

   a. Preliminary approval of the settlement memorialized in this Agreement as fair, reasonable, and adequate;

   b. Certification of this case as a class action under FED. R. CIV. P. 23 for the purpose of settlement;

   c. Certification of this case as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement;

   d. Appointment of Plaintiff Sara Bills as the Class Representative and Collective Representative;

   e. Appointment of Walcheske & Luzi, LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

f.      Approval of the Settlement Notice in the form of **Exhibit B** for distribution to all Settlement Class members;

g.      A finding that the Settlement Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

h.      A direction that each potential Settlement Class member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Settlement Notice;

i.      A direction that each potential Settlement Class member who wishes to be excluded from the WWPCL Class must opt-out per the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Settlement Notice;

j.      A direction that any Settlement Class member who has not properly and timely requested exclusion from the WWPCL Class shall be bound in the event the Court issues a Final Order Approving Settlement;

k.      That a Fairness Hearing be held at the earliest convenient time for the Court, but in no event sooner than ninety (90) days after the close of the Notice Period to determine whether this Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

l.      A direction that any Class Member or Collective Member who wishes to object in any way to the proposed Agreement must file and serve such written objections per the instructions set forth in the Settlement Notice and as described immediately below, which must be postmarked no later than thirty (30) days after the mailing of the Settlement Notice, together with copies of all papers in support of his or her position. The Settlement Notice shall state that the Court will not consider objections of any Class Member or Collective Member who has not properly served copies of her or her objections on a timely basis.

2. Objection to Settlement

Any Class Member or Collective Member who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement,

file any such objection with the Court and provide copies of the objection to both Plaintiffs' Counsel and Defendant's Counsel.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Defendant and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member or Collective Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

3. Request for Exclusion

Any Class Member who wishes to be excluded from the WWPCL Class must submit a request for exclusion postmarked no later than thirty (30) days after the mailing of the Settlement Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

4. Fairness Hearing

On the date set forth in the Preliminary Approval Order or by such other Order as the Court will provide, a Fairness Hearing shall be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; and, (iii) decide Plaintiffs' Counsel's Motion for Attorneys' Fees and Costs.

5. Entry of Order Approving Settlement

If this Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of an order pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

    a. Certifying the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b) for settlement purposes only;

    b. Approving the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

    c. Appointing Bills as Class Representative for the WWPCL Class and FLSA Collective;

d. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

e. Declaring the Agreement to be binding on the Parties;

f. Dismissing with prejudice the Settlement Class members' released claims;

g. Dismissing without prejudice the FLSA Claim and WWPCL Claim of the Settlement Class members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

h. Dismissing without prejudice the FLSA Claim of the Settlement Class members who do not properly and timely include themselves in full accordance with the procedures set forth in this Agreement;

i. Indicating the amount of attorneys' fees and costs to be awarded to Plaintiffs' Counsel consistent with the Settlement.

**2.3** Within thirty (30) days after Final Judgment is entered, Defendant will deliver Settlement Checks, less all applicable withholdings as described in Section 3.4 below, to Plaintiffs' Counsel for distribution to Plaintiffs.

**2.4** Once delivered to Plaintiffs' Counsel, the Settlement Checks will be forwarded to all Plaintiffs. Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendant will issue a stop payment order on all uncashed or returned checks. In the event that, before the close of the Settlement Check Void Date, Plaintiffs' Counsel becomes aware that a Plaintiff did not receive the Settlement Check, or if a Plaintiff reports a lost or destroyed Settlement Check, or otherwise requests reissuance of her or her Settlement Check prior to the Settlement Check Void Date, Plaintiffs' Counsel shall so advise Defendant's Counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Plaintiff be issued a replacement check until any prior check sent to them has been cancelled.

## 3. SETTLEMENT TERMS

### 3.1 Settlement Payments.

1. Defendant agrees to pay up to the maximum Gross Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to the Plaintiffs, any Court-approved Service Awards as more fully set forth herein, and any Court-approved attorneys' fees and costs. Defendant will not be required to pay more than this amount under the terms of this Agreement, with the exception of Employer Payroll Taxes.

2. Any portion of the Net Settlement Fund that is unclaimed by Plaintiffs who do not timely sign and cash a Settlement Check, shall remain with the Defendant. There shall be no reallocation of unclaimed settlement funds to Plaintiffs.

**3.2 Settlement Amounts Payable as Attorneys' Fees and Costs.**

1. In their Approval Motion, Plaintiffs' Counsel shall ask the Court to approve payment of $21,810.87 (Twenty-One Thousand Eight Hundred and Ten Dollars and Eighty-Seven Cents) from the Gross Settlement Amount as an award of attorneys' fees and reasonable actual case-related costs and expenses from the Gross Settlement Amount. Defendant agrees that said fees and costs are reasonable and shall not oppose these requests. These amounts shall constitute full satisfaction of any claim for attorneys' fees or costs, and Plaintiffs agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this case.

2. The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. In the event that the Court (or any appellate court) awards less than the requested amounts, only the awarded amounts shall be paid to Plaintiffs' Counsel and shall constitute full satisfaction of the obligations of this Section and full payment hereunder. Any money requested for attorneys' fees or costs that are not approved by the Court shall remain with the Defendant.

**3.3 Service Award.**

1. In the Approval Motion, Bills will apply to the Court for a service award payable from the Gross Settlement Amount for the services she rendered to the Plaintiffs. Bills will request payment of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00). Defendant agrees to and shall not oppose this request.

2. This Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Bills' recovery from the Net Settlement Fund as a Plaintiff. The substance of the Bills' application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Any Service Award money not approved by the Court shall remain with the Defendant.

**3.4 Distribution and Treatment of Payments.**

1. The payments from the Gross Settlement Amount to Plaintiffs' Counsel for any Court-approved attorneys' fees and costs will be wired to Plaintiffs' Counsel by Defendant within thirty (30) days after the Court has approved such payments, provided Plaintiffs' Counsel has provided adequate account information to Defendant at least ten (10) days prior to this deadline..

2. The Settlement Checks and Service Awards will be mailed to Plaintiffs by Plaintiffs' Counsel in accordance with Section 2.3, above.

3. The allocation to Plaintiffs for their Settlement Payments will be made from the Net Settlement Fund for the gross amounts reflected on a *pro rata* basis.

4. Tax and Other Characterization of Payments.

    a. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding, and be reported to the Internal Revenue Service ("IRS") and to Plaintiffs' Counsel on an IRS Form 1099.

    b. Payment of a Service Award pursuant to Section 3.3 shall be made without withholding, and be reported to the IRS and to Bills on an IRS Form 1099.

    c. The payments to each Plaintiff pursuant to Section 3.1 shall be treated as alleged wage relief. These payments shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2. Defendant shall withhold payroll taxes and other lawful withholdings and will issue each Plaintiff an IRS Form W-2. These payments will not be taken into account or treated as wages or compensation in connection with any of Defendant's benefit or related plans.

    d. The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Plaintiff receiving a Settlement Check or Service Award. The Parties and their Counsel make no representations as to the taxability of any portions of the settlement payments to any Plaintiffs, the payment of any costs or award of attorneys' fees, or any payment to the Plaintiffs. Neither Plaintiffs' Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

    e. None of the amounts paid to the Plaintiffs shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by Defendant, including for purposes of any bonus of any kind.

**4.    RELEASE OF CLAIMS**

**4.1** Release By Collective Members. Conditioned upon the Court's issuance of the Final Approval Order, and in exchange for the monetary consideration recited in this Agreement, Bills hereby agrees to dismiss the FLSA Claim with prejudice, and each Collective Member, including Bills, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant through the date of the Final Approval Order as an hourly paid, non-exempt DSP, relating back to the full extent of the applicable statute of limitations and continuing through the entry of Final Judgment, including, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*., and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq*., Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.*

**4.2** Release By Class Members. Conditioned upon the Court's issuance of the Approval Order and the entry of Final Judgment, and in exchange for the monetary consideration recited in this Agreement, Bills hereby agrees to dismiss the WWPCL Claim with prejudice, and each Class Member, including Bills, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant through the date of the Final Approval Order as an hourly paid, non-exempt DSP, relating back to the full extent of the applicable statute of limitations and continuing through the entry of Final Judgment, including, all state claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq*., Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.*

## 5. VOIDING THE AGREEMENT

**5.1** If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Final Approval Order in substantially the form submitted by the Parties, or fails to enter Final Order Approving Settlement, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive, and Defendant shall have no obligations to make any payments under the Settlement or this Agreement.

**5.2** A decision of the Court declining to approve any material condition of this Agreement which effects a fundamental change of the Parties' agreement (except as to any payment under Sections 3.2 and 3.3), including but not limited to requiring that Defendant pay any amount in excess of the Gross Settlement Amount except as described herein, shall render the entire Settlement voidable and unenforceable as to all Parties at the option of either Party. Each Party may exercise its option to void this Settlement by giving notice, in writing, to the other and to the Court within fifteen (15) days of the Court's disapproval of any material condition, but in no event at any time after the Approval Order.

**5.3** In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties (a) must attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the FLSA Claim and WWPCL Claim will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement may be used by or against any Party under Rule 408 of the Federal Rules of Evidence.

## 6. PARTIES' AUTHORITY

**6.1** The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties (including all Plaintiffs, through their representation by Bills and Plaintiffs' Counsel) hereto to the terms and conditions hereof.

## 7. MUTUAL COOPERATION

**7.1** The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's approval of this Agreement.

## 8. NOTICES

**8.1** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs:

Mr. Matthew J. Tobin
Walcheske & Luzi, LLC
15850 W. Bluemound Rd, Suite 304
Brookfield, WI 53005
Telephone: (262) 780-1953
Facsimile: (262) 565-6469
E-Mail: mtobin@walcheskeluzi.com

To Defendant:

Mr. Sean M. Scullen
Quarles & Brady, LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
Telephone: (414) 277-5421
Facsimile: (414) 978-8978
E-mail: sean.scullen@quarles.com

**9. NO ADMISSION OF LIABILITY**

**9.1** Defendant denies all of the allegations made by Plaintiffs in the Complaint and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the FLSA Claim and WWPCL Claim on the terms and conditions set forth in this Agreement.

**10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS**

**10.1** Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.2** No Assignment. Plaintiffs' Counsel and Bills represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Claim, WWPCL Claim, FMLA Claim, or any related action, and any attempt to do so shall be of no force or effect.

**10.3** Entire Agreement. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**10.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, Administrators, executors, beneficiaries, conservators, attorneys and assigns.

**10.5** Arms' Length Transaction; Materiality of Terms. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6** Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7** Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8** Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wisconsin, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9** Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

**10.10** Waivers, etc. to Be in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.11** Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.12** Non-Publication**.** Plaintiffs' Counsel and Plaintiffs agree to make no public comment, communications to the media, or any form of advertising or public announcement, including social media, regarding this settlement

**10.13** Facsimile, Electronic and E-mail Signatures. Any Party may execute this Agreement by signing or by causing its counsel to sign, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.14** Signatories. This Agreement is valid and binding if signed by Defendant's authorized representative and Bills.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

| **SARA BILLS** | **TLC HOMES, INC.** |
|---|---|
| S Bills | By: ______________________ |
| Date: 1-17-2020 | Title/Date: ______________________ |

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

**SARA BILLS**

______________________________

Date: ____________________

**TLC HOMES, INC.**

By: [signature]

Title/Date: CEO 1/16/2020

QB\61166419.1

# EXHIBIT A

| TLC HOMES PAYOUT TOTAL | CLASS AMOUNT | COLLECTIVE MEMBER AMOUNT | TOTAL AMOUNT | FINAL POTENTIAL AMOUNT |
|---|---|---|---|---|
| Abel, Nina M | $ 9.46 | $ 4.73 | 14.19 | $ 14.19 |
| Aguilar, Tiffany N | $ 17.11 | $ 8.55 | 25.66 | $ 25.66 |
| Aicher, Michael R | $ 8.20 | $ 4.10 | 12.30 | $ 12.30 |
| Alicea, Angelica M | $ 0.80 | $ 0.40 | 1.20 | $ 1.20 |
| Allen, Gloria M | $ 67.65 | $ 33.83 | 101.48 | $ 101.48 |
| Altenburg, Rhonda | $ 19.97 | $ 9.99 | 29.96 | $ 29.96 |
| Anderson, Ashley M | $ 7.70 | $ 3.85 | 11.55 | $ 11.55 |
| Anderson, Latoria N | $ 12.76 | $ 6.38 | 19.14 | $ 19.14 |
| Anderson, Trina Zielinski | $ 16.01 | $ 8.01 | 24.02 | $ 24.02 |
| Ashbeck, Rhiannon N | $ 0.38 | $ 0.19 | 0.57 | $ 0.57 |
| Bagemehl, Dawn | $ 1.99 | $ 0.99 | 2.98 | $ 2.98 |
| Ballester, Maria E | $ 21.17 | $ 10.59 | 31.76 | $ 31.76 |
| Ballog, Kristi L | $ 24.96 | $ 12.48 | 37.44 | $ 37.44 |
| Bammann, Julia N | $ 11.95 | $ 5.98 | 17.93 | $ 17.93 |
| Barber, Thomas A | $ 4.93 | $ 2.47 | 7.40 | $ 7.40 |
| Barkley, LaEisha V | $ 4.03 | $ 2.02 | 6.05 | $ 6.05 |
| Barron, Brent | $ 3.20 | $ 1.60 | 4.80 | $ 4.80 |
| Basler, Brittany L | $ 1.43 | $ 0.72 | 2.15 | $ 2.15 |
| Bastean, Jesse V | $ 7.27 | $ 3.63 | 10.90 | $ 10.90 |
| Baumgartner, Duane J | $ 4.79 | $ 2.39 | 7.18 | $ 7.18 |
| Beck, Kyle A | $ 0.63 | $ 0.32 | 0.95 | $ 0.95 |
| Beck, Tiffany D | $ 0.11 | $ 0.06 | 0.17 | $ 0.17 |
| Behnke, Mary | $ 4.80 | $ 2.40 | 7.2 | $ 7.20 |
| Benfield, Melissa M | $ 14.83 | $ 7.41 | 22.24 | $ 22.24 |
| Benson, Mark J | $ 15.62 | $ 7.81 | 23.43 | $ 23.43 |
| Berg, Zachary Richard | $ 4.01 | $ 2.00 | 6.01 | $ 6.01 |
| Berglund, Veronica L | $ 8.23 | $ 4.12 | 12.35 | $ 12.35 |
| Bergman, Maurice | $ 10.08 | $ 5.04 | 15.12 | $ 15.12 |
| Bergner, Alexis Rae | $ 39.71 | $ 19.85 | 59.56 | $ 59.56 |
| Beyersdorf, Sally A | $ 2.05 | $ 1.03 | 3.08 | $ 3.08 |
| Bickford, Abbey M | $ 58.26 | $ 29.13 | 87.39 | $ 87.39 |
| Biever, Jessica M | $ 0.29 | $ 0.15 | 0.44 | $ 0.44 |
| Bills, Sara J | $ 100.11 | $ 50.06 | 150.17 | $ 150.17 |
| Bivens, Jennifer | $ 17.74 | $ 8.87 | 26.61 | $ 26.61 |
| Black, Jazzmon Raletta | $ 18.15 | $ 9.08 | 27.23 | $ 27.23 |
| Blanchette, Kristen Irene | $ 55.17 | $ 27.59 | 82.76 | $ 82.76 |
| Blankley, Casey A | $ 18.95 | $ 9.48 | 28.43 | $ 28.43 |
| Bliss, Timothy M | $ 11.04 | $ 5.52 | 16.56 | $ 16.56 |
| Bokota, Michael Alex | $ 29.73 | $ 14.86 | 44.59 | $ 44.59 |
| Boose, Ieisa L | $ 43.01 | $ 21.50 | 64.51 | $ 64.51 |
| Bouchonville, Rainie | $ 0.97 | $ 0.48 | 1.45 | $ 1.45 |
| Bradl, Brenda | $ 4.29 | $ 2.14 | 6.43 | $ 6.43 |
| Breuninger, Debra | $ 0.76 | $ 0.38 | 1.14 | $ 1.14 |
| Briggs, Aaleiyah M | $ 87.13 | $ 43.57 | 130.7 | $ 130.70 |
| Brisco, Sa'Da A | $ 0.29 | $ 0.14 | 0.43 | $ 0.43 |
| Broadway, Darryl | $ 1.40 | $ 0.70 | 2.10 | $ 2.10 |
| Brooner, Morgan G | $ 20.10 | $ 10.05 | 30.15 | $ 30.15 |
| Brown, Bill T | $ 18.57 | $ 9.28 | 27.85 | $ 27.85 |
| Brown, Geoffrey | $ 0.45 | $ 0.23 | 0.68 | $ 0.68 |
| Brown, Holly R | $ 2.83 | $ 1.42 | 4.25 | $ 4.25 |
| Brown, Michelle Marie | $ 8.18 | $ 4.09 | 12.27 | $ 12.27 |
| Brulla, Dawn M | $ 0.90 | $ 0.45 | 1.35 | $ 1.35 |
| Brunmeier, Alexandra Leigh | $ 13.70 | $ 6.85 | 20.55 | $ 20.55 |
| Bunker, Stephanie A | $ 38.39 | $ 19.19 | 57.58 | $ 57.58 |
| Burch, Cassandra | $ 24.21 | $ 12.10 | 36.31 | $ 36.31 |
| Burrows, Tyler D | $ 221.10 | $ 110.55 | 331.65 | $ 331.65 |
| Butcher, Brenisha Lashunda | $ 5.99 | $ 2.99 | 8.98 | $ 8.98 |
| Butler, Shemika S | $ 13.29 | $ 6.64 | 19.93 | $ 19.93 |
| Buxbaum, Valerie M | $ 0.20 | $ 0.10 | 0.3 | $ 0.30 |
| Byars, Olivia M | $ 0.15 | $ 0.08 | 0.23 | $ 0.23 |
| Bychinski, Julie Ann | $ 21.35 | $ 10.67 | 32.02 | $ 32.02 |
| Cadkin, Lisa M | $ 8.43 | $ 4.22 | 12.65 | $ 12.65 |
| Campbell, Kelly Lynn | $ 6.29 | $ 3.15 | 9.44 | $ 9.44 |
| Carter, Arnesha P | $ 14.31 | $ 7.15 | 21.46 | $ 21.46 |
| Cashore, Maria R | $ 162.45 | $ 81.22 | 243.67 | $ 243.67 |
| Chavez, Edwin G | $ 0.41 | $ 0.20 | 0.61 | $ 0.61 |
| Christenson, Annette Jean | $ 16.48 | $ 8.24 | 24.72 | $ 24.72 |
| Clayborn, Elvira | $ 4.64 | $ 2.32 | 6.96 | $ 6.96 |
| Cline, Janet Michelle | $ 14.57 | $ 7.29 | 21.86 | $ 21.86 |
| Cline, Janet Michelle | $ 6.63 | $ 3.32 | 9.95 | $ 9.95 |
| Coats, Diane M | $ 0.41 | $ 0.21 | 0.62 | $ 0.62 |
| Coffin, Margarette | $ 24.99 | $ 12.49 | 37.48 | $ 37.48 |
| Cooper, Sydney C | $ 0.05 | $ 0.03 | 0.08 | $ 0.08 |
| Crawford, Amberdawn | $ 34.02 | $ 17.01 | 51.03 | $ 51.03 |
| Crossman, Britny M | $ 2.57 | $ 1.28 | 3.85 | $ 3.85 |
| Curry, Krystal M | $ 0.80 | $ 0.40 | 1.2 | $ 1.20 |
| Daniels, Adrian | $ 8.22 | $ 4.11 | 12.33 | $ 12.33 |
| Daniels, Alannah S | $ 37.35 | $ 18.68 | 56.03 | $ 56.03 |
| Darden, Natasha | $ 5.99 | $ 2.99 | 8.98 | $ 8.98 |
| Davis, Isha S | $ 17.00 | $ 8.50 | 25.5 | $ 25.50 |
| De Lude, Christopher Wayne | $ 0.15 | $ 0.07 | 0.22 | $ 0.22 |
| Deering, John Fredrick | $ 33.15 | $ 16.58 | 49.73 | $ 49.73 |
| Dejesus Encarnacion, Kaylynn M | $ 7.20 | $ 3.60 | 10.8 | $ 10.80 |
| Denis, Katie J | $ 1.27 | $ 0.63 | 1.90 | $ 1.90 |
| Denis, Katie J | $ 3.52 | $ 1.76 | 5.28 | $ 5.28 |
| Diedrich, Bobbi S | $ 7.39 | $ 3.70 | 11.09 | $ 11.09 |
| Diedrich, Linda S | $ 0.92 | $ 0.46 | 1.38 | $ 1.38 |
| Dixon, Erica J | $ 30.51 | $ 15.25 | 45.76 | $ 45.76 |
| Drake, Stephani E | $ 23.07 | $ 11.53 | 34.60 | $ 34.60 |
| Dubinski, Susanna | $ 0.10 | $ 0.05 | 0.15 | $ 0.15 |
| Ducharme, Julie A | $ 2.47 | $ 1.23 | 3.7 | $ 3.70 |

| | | | | |
|---|---|---|---|---|
| Dukes, Daja | $ 48.60 | $ 24.30 | 72.9 | $ 72.90 |
| Durham, Jasmine | $ 65.73 | $ 32.87 | 98.6 | $ 98.60 |
| Dworak, Ashley | $ 9.66 | $ 4.83 | 14.49 | $ 14.49 |
| Eddie, Teela D | $ 3.62 | $ 1.81 | 5.44 | $ 5.44 |
| Edmark, Lisa B | $ 19.27 | $ 9.63 | 28.9 | $ 28.90 |
| Ellington, Bruce R | $ 108.61 | $ 54.31 | 162.92 | $ 162.92 |
| Elliott, Tenesia S | $ 4.85 | $ 2.42 | 7.27 | $ 7.27 |
| Engelbrecht, Patricia S | $ 1.42 | $ 0.71 | 2.13 | $ 2.13 |
| Enoch, Quantario treymaine | $ 3.98 | $ 1.99 | 5.97 | $ 5.97 |
| Espinoza, Christina M | $ 7.33 | $ 3.67 | 11 | $ 11.00 |
| Evans, Danielle B | $ 90.12 | $ 45.06 | 135.18 | $ 135.18 |
| Evans, Donte | $ 64.95 | $ 32.48 | 97.43 | $ 97.43 |
| Evans, Holly | $ 40.19 | $ 20.09 | 60.28 | $ 60.28 |
| Felde, Michele A | $ 70.27 | $ 35.14 | 105.41 | $ 105.41 |
| Fisher, Dianna | $ 33.49 | $ 16.75 | 50.24 | $ 50.24 |
| Fisher, Katherine A | $ 111.74 | $ 55.87 | 167.61 | $ 167.61 |
| Flanagan, Tamica | $ 12.41 | $ 6.20 | 18.61 | $ 18.61 |
| Ford, Paige A | $ 60.90 | $ 30.45 | 91.35 | $ 91.35 |
| Fortney, Sheena T | $ 0.89 | $ 0.44 | 1.33 | $ 1.33 |
| Franklin, Quantisha | $ 45.80 | $ 22.90 | 68.7 | $ 68.70 |
| Frazier, Serrina Kwanta | $ 8.56 | $ 4.28 | 12.84 | $ 12.84 |
| Frazier, Sheana | $ 1.66 | $ 0.83 | 2.49 | $ 2.49 |
| Freeman, Heidi J | $ 2.62 | $ 1.31 | 3.93 | $ 3.93 |
| Frei, Dorris M | $ 5.57 | $ 2.78 | 8.35 | $ 8.35 |
| Fry, Emmy Monica | $ 0.01 | $ 0.01 | 0.02 | $ 0.02 |
| Fugate, Amanda | $ 1.32 | $ 0.66 | 1.98 | $ 1.98 |
| Fugate, Amanda Rose | $ 27.94 | $ 13.97 | 41.91 | $ 41.91 |
| Garcia, Margarette H. | $ 75.93 | $ 37.97 | 113.9 | $ 113.90 |
| Gates, William E | $ 18.72 | $ 9.36 | 28.08 | $ 28.08 |
| Gauf, Samantha J | $ 283.61 | $ 141.80 | 425.41 | $ 425.41 |
| Gebauer, Michelle L | $ 19.00 | $ 9.50 | 28.5 | $ 28.50 |
| Gebauer, Tracey L | $ 29.81 | $ 14.90 | 44.71 | $ 44.71 |
| Gibbs, Latisha | $ 37.72 | $ 18.86 | 56.58 | $ 56.58 |
| Gichuhi, Millicent | $ 4.98 | $ 2.49 | 7.47 | $ 7.47 |
| Gilbert, Crystal D ** | $ 36.85 | $ 18.42 | 55.27 | $ 55.27 |
| Giles, Wayne D | $ 11.07 | $ 5.54 | 16.61 | $ 16.61 |
| Gipson, Iesha | $ 15.77 | $ 7.89 | 23.66 | $ 23.66 |
| Golden, Shanon M | $ 41.11 | $ 20.55 | 61.66 | $ 61.66 |
| Gonzales, Martina | $ 5.42 | $ 2.71 | 8.13 | $ 8.13 |
| Gosse, Danielle M | $ 5.81 | $ 2.91 | 8.72 | $ 8.72 |
| Green, Cynthia J | $ 19.71 | $ 9.85 | 29.56 | $ 29.56 |
| Gutbrod, Jennifer A | $ 0.52 | $ 0.26 | 0.79 | $ 0.79 |
| Hadzidedic, Indira | $ 149.51 | $ 74.76 | 224.27 | $ 224.27 |
| Hagen, Deborah J | $ 15.40 | $ 7.70 | 23.1 | $ 23.10 |
| Hall, Jamie G | $ 194.33 | $ 97.17 | 291.50 | $ 291.50 |
| Hammond, Amanda C | $ 43.40 | $ 21.70 | 65.1 | $ 65.10 |
| Hammonds, Christine ** | $ 0.57 | $ 0.29 | 0.86 | $ 0.86 |
| Hampton, Shantel L | $ 4.99 | $ 2.49 | 7.48 | $ 7.48 |
| Harrell, Tarneshia N | $ 1.32 | $ 0.66 | 1.98 | $ 1.98 |
| Harris, Penita L | $ 55.83 | $ 27.92 | 83.75 | $ 83.75 |
| Haskins, Amber L | $ 6.25 | $ 3.13 | 9.38 | $ 9.38 |
| Heck, Brian S | $ 15.49 | $ 7.74 | 23.23 | $ 23.23 |
| Heck, Valerie M | $ 6.85 | $ 3.43 | 10.28 | $ 10.28 |
| Herdt, Elizabeth N | $ 3.17 | $ 1.59 | 4.76 | $ 4.76 |
| Hernandez-Perez, Maricela ** | $ 46.27 | $ 23.13 | 69.4 | $ 69.40 |
| Higgins, Darnesha Rochelle | $ 8.36 | $ 4.18 | 12.54 | $ 12.54 |
| Hill, Danielle M | $ 2.70 | $ 1.35 | 4.05 | $ 4.05 |
| Hoeffner, Mary | $ 6.30 | $ 3.15 | 9.45 | $ 9.45 |
| Hoffman, Ashley M | $ 34.17 | $ 17.08 | 51.25 | $ 51.25 |
| Holloway, Timmisha M | $ 117.71 | $ 58.85 | 176.56 | $ 176.56 |
| Holtz, Lisa A | $ 18.42 | $ 9.21 | 27.63 | $ 27.63 |
| Hopkins, Shannon M | $ 25.61 | $ 12.81 | 38.42 | $ 38.42 |
| Houghton, Debra J | $ 0.05 | $ 0.03 | 0.08 | $ 0.08 |
| Hubbard, Tawanda lashawn | $ 40.17 | $ 20.09 | 60.26 | $ 60.26 |
| Hubele, Kyle Douglas | $ 15.57 | $ 7.78 | 23.35 | $ 23.35 |
| Hubele, Shannon E | $ 3.05 | $ 1.52 | 4.57 | $ 4.57 |
| Hudson, Paris Teshan | $ 11.59 | $ 5.79 | 17.38 | $ 17.38 |
| Hudson, Shanquena | $ 41.15 | $ 20.57 | 61.72 | $ 61.72 |
| Hughes, William P | $ 35.63 | $ 17.82 | 53.45 | $ 53.45 |
| Huremovic, Emir | $ 7.96 | $ 3.98 | 11.95 | $ 11.95 |
| Hutton, Alexandra | $ 7.34 | $ 3.67 | 11.01 | $ 11.01 |
| Igyarto, Christopher M | $ 7.05 | $ 3.52 | 10.57 | $ 10.57 |
| Jackson, Saucha V | $ 48.10 | $ 24.05 | 72.15 | $ 72.15 |
| Jaimes, Erica A | $ 2.61 | $ 1.30 | 3.91 | $ 3.91 |
| James, Brittany | $ 11.07 | $ 5.53 | 16.6 | $ 16.60 |
| James, Vickie Ann | $ 0.30 | $ 0.15 | 0.45 | $ 0.45 |
| Jassoy, Christy M | $ 4.98 | $ 2.49 | 7.47 | $ 7.47 |
| Jaworski, Candace Marie | $ 2.59 | $ 1.29 | 3.88 | $ 3.88 |
| Jelinek, Karen Louann | $ 13.31 | $ 6.66 | 19.97 | $ 19.97 |
| Johnson, Lee A | $ 14.62 | $ 7.31 | 21.93 | $ 21.93 |
| Jolin, Marjorie | $ 1.32 | $ 0.66 | 1.98 | $ 1.98 |
| Jones, James H | $ 16.11 | $ 8.05 | 24.16 | $ 24.16 |
| Jones, Kearra N | $ 17.29 | $ 8.65 | 25.94 | $ 25.94 |
| Jordan, Samantha | $ 5.48 | $ 2.74 | 8.21 | $ 8.21 |
| Joseph, Chrystal G | $ 15.15 | $ 7.58 | 22.73 | $ 22.73 |
| Judnic, Christine L | $ 83.77 | $ 41.89 | 125.66 | $ 125.66 |
| Jump, Portia A | $ 17.69 | $ 8.84 | 26.53 | $ 26.53 |
| Kannenberg, Amber R | $ 0.75 | $ 0.38 | 1.13 | $ 1.13 |
| Kannenberg, Kyle G | $ 22.55 | $ 11.27 | 33.82 | $ 33.82 |
| Kaping, Kimberly | $ 8.80 | $ 4.40 | 13.2 | $ 13.20 |
| Kennedy, Jessica L | $ 9.11 | $ 4.55 | 13.66 | $ 13.66 |
| Keyes, Jonathan Berry | $ 5.84 | $ 2.92 | 8.76 | $ 8.76 |
| Kienappel, Amanda rae | $ 11.95 | $ 5.98 | 17.93 | $ 17.93 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Kiley, Elizabeth | $ | 2.33 | $ | 1.17 | 3.5 | $ | 3.50 |
| King, Christopher L | $ | 0.03 | $ | 0.01 | 0.04 | $ | 0.04 |
| Kluck, Norma J | $ | 3.98 | $ | 1.99 | 5.97 | $ | 5.97 |
| Koeser, Amy | $ | 1.50 | $ | 0.75 | 2.25 | $ | 2.25 |
| Kolenc, Wendy J | $ | 2.02 | $ | 1.01 | 3.03 | $ | 3.03 |
| Konitzer, Casey | $ | 5.43 | $ | 2.71 | 8.14 | $ | 8.14 |
| Kroner, Kendall | $ | 1.66 | $ | 0.83 | 2.49 | $ | 2.49 |
| Kropuenske, Lynn | $ | 13.80 | $ | 6.90 | 20.7 | $ | 20.70 |
| Kuchynka, Cody R | $ | 5.41 | $ | 2.70 | 8.11 | $ | 8.11 |
| Kunert, Shannon S | $ | 14.40 | $ | 7.20 | 21.6 | $ | 21.60 |
| Ladwig, Noelle A | $ | 2.87 | $ | 1.43 | 4.3 | $ | 4.30 |
| Laehr, Jessica L | $ | 29.45 | $ | 14.72 | 44.17 | $ | 44.17 |
| LaFague, Guerline | $ | 14.97 | $ | 7.48 | 22.45 | $ | 22.45 |
| Lajeunesse, Stephanie M | $ | 4.75 | $ | 2.38 | 7.13 | $ | 7.13 |
| Larson, Lenet S | $ | 3.00 | $ | 1.50 | 4.5 | $ | 4.50 |
| Layman, Erik | $ | 22.49 | $ | 11.25 | 33.74 | $ | 33.74 |
| Ledvina, Jerica L | $ | 1.70 | $ | 0.85 | 2.55 | $ | 2.55 |
| Lemberger, Christopher michael | $ | 13.32 | $ | 6.66 | 19.98 | $ | 19.98 |
| Lewellyn, Tina Marie | $ | 1.43 | $ | 0.71 | 2.14 | $ | 2.14 |
| Lindsay, Timothy Michael | $ | 10.83 | $ | 5.41 | 16.24 | $ | 16.24 |
| Linsmeier, Linda K | $ | 6.70 | $ | 3.35 | 10.05 | $ | 10.05 |
| Livingood Courtney | $ | 4.22 | $ | 2.11 | 6.33 | $ | 6.33 |
| Lopez, Glennie J | $ | 0.99 | $ | 0.49 | 1.48 | $ | 1.48 |
| Love, Jacqueline | $ | 70.20 | $ | 35.10 | 105.3 | $ | 105.30 |
| Loveless, LeAnne K | $ | 4.85 | $ | 2.43 | 7.28 | $ | 7.28 |
| Ludwig, John J | $ | 147.89 | $ | 73.94 | 221.83 | $ | 221.83 |
| Ludwig, Katie L | $ | 28.73 | $ | 14.37 | 43.1 | $ | 43.10 |
| Luke, Matthew D | $ | 4.10 | $ | 2.05 | 6.15 | $ | 6.15 |
| Lynch, Elizabeth R | $ | 0.40 | $ | 0.20 | 0.6 | $ | 0.60 |
| Lyskawa, Amy | $ | 1.05 | $ | 0.53 | 1.58 | $ | 1.58 |
| Magadan, Felipa D | $ | 3.27 | $ | 1.63 | 4.9 | $ | 4.90 |
| Marlyere, Sabrina | $ | 42.29 | $ | 21.15 | 63.44 | $ | 63.44 |
| Martin, Jermaine Antonio | $ | 50.65 | $ | 25.33 | 75.98 | $ | 75.98 |
| Martinez, Alexis A | $ | 4.50 | $ | 2.25 | 6.75 | $ | 6.75 |
| Mason, Crystal R | $ | 65.76 | $ | 32.88 | 98.64 | $ | 98.64 |
| Matrick, McKenzie M | $ | 2.27 | $ | 1.13 | 3.4 | $ | 3.40 |
| Matthews, Sarah | $ | 2.57 | $ | 1.28 | 3.85 | $ | 3.85 |
| Matuszewski, Gregory | $ | 16.47 | $ | 8.23 | 24.7 | $ | 24.70 |
| McClellan, Krista ann | $ | 5.18 | $ | 2.59 | 7.78 | $ | 7.78 |
| McKenzie, Terri | $ | 9.97 | $ | 4.98 | 14.95 | $ | 14.95 |
| McLaughlin, Natividad | $ | 284.05 | $ | 142.02 | 426.07 | $ | 426.07 |
| McPeak, Damonica M | $ | 3.07 | $ | 1.53 | 4.6 | $ | 4.60 |
| McQueen, Maurice M | $ | 0.54 | $ | 0.27 | 0.81 | $ | 0.81 |
| Medina, Peggie A | $ | 0.63 | $ | 0.32 | 0.95 | $ | 0.95 |
| Meyer, Kayleigh | $ | 2.94 | $ | 1.47 | 4.42 | $ | 4.42 |
| Meise, Anabelle | $ | 23.33 | $ | 11.67 | 35 | $ | 35.00 |
| Mickelson, Norman A | $ | 7.66 | $ | 3.83 | 11.49 | $ | 11.49 |
| Miller, Jared | $ | 12.14 | $ | 6.07 | 18.21 | $ | 18.21 |
| Mills, Amanda Lynn | $ | 101.87 | $ | 50.94 | 152.81 | $ | 152.81 |
| Mohammed, Shannon | $ | 1.23 | $ | 0.62 | 1.85 | $ | 1.85 |
| Monberg, Tammy L. | $ | 23.11 | $ | 11.56 | 34.67 | $ | 34.67 |
| Monteith, Jennifer | $ | 4.68 | $ | 2.34 | 7.02 | $ | 7.02 |
| Murphy, Alexandria N | $ | 1.95 | $ | 0.98 | 2.93 | $ | 2.93 |
| Murphy, Stanley Alan | $ | 7.63 | $ | 3.81 | 11.44 | $ | 11.44 |
| Nack, Nicole Marie | $ | 33.89 | $ | 16.94 | 50.83 | $ | 50.83 |
| Nelson, George W | $ | 2.43 | $ | 1.22 | 3.65 | $ | 3.65 |
| Nielson, Amanda Marie | $ | 5.30 | $ | 2.65 | 7.95 | $ | 7.95 |
| Nienow, Peter C | $ | 3.73 | $ | 1.87 | 5.6 | $ | 5.60 |
| Nuzum, Yvonne | $ | 4.46 | $ | 2.23 | 6.69 | $ | 6.69 |
| Nachtigal, Dustin | $ | 19.45 | $ | 9.72 | 29.17 | $ | 29.17 |
| Offenbecher, Kristi L | $ | 2.18 | $ | 1.09 | 3.27 | $ | 3.27 |
| Olday, Heather Rena | $ | 0.85 | $ | 0.42 | 1.27 | $ | 1.27 |
| Oliver, Uriah | $ | 2.15 | $ | 1.08 | 3.23 | $ | 3.23 |
| Orick, Taylor Marie | $ | 7.27 | $ | 3.64 | 10.91 | $ | 10.91 |
| Ortega, Brittnie Roquelle | $ | 3.45 | $ | 1.72 | 5.17 | $ | 5.17 |
| Ortega, Nestor | $ | 4.09 | $ | 2.04 | 6.13 | $ | 6.13 |
| Ortiz, Yaluan | $ | 42.35 | $ | 21.17 | 63.52 | $ | 63.52 |
| Page, Jillayne Kathryn | $ | 6.60 | $ | 3.30 | 9.90 | $ | 9.90 |
| Paulick, Morgan P | $ | 22.23 | $ | 11.12 | 33.35 | $ | 33.35 |
| Payne, A-Nia Renita | $ | 44.95 | $ | 22.48 | 67.43 | $ | 67.43 |
| Payne, Nneka K | $ | 4.06 | $ | 2.03 | 6.09 | $ | 6.09 |
| Peetz, Wesley Adam | $ | 1.17 | $ | 0.58 | 1.75 | $ | 1.75 |
| Peters Berg, Kimberly J | $ | 2.58 | $ | 1.29 | 3.87 | $ | 3.87 |
| Peterson, Kendall P | $ | 22.42 | $ | 11.21 | 33.63 | $ | 33.63 |
| Pickard, Kelly L | $ | 26.85 | $ | 13.42 | 40.27 | $ | 40.27 |
| Pierce, Desiree Chantez | $ | 35.89 | $ | 17.94 | 53.83 | $ | 53.83 |
| Piller, Timothy | $ | 2.17 | $ | 1.08 | 3.25 | $ | 3.25 |
| Pinkerton, Thresa | $ | 17.96 | $ | 8.98 | 26.94 | $ | 26.94 |
| Prescott, Sara Kathryne | $ | 66.17 | $ | 33.09 | 99.26 | $ | 99.26 |
| Price, Robert E | $ | 16.40 | $ | 8.20 | 24.60 | $ | 24.60 |
| Propson, Miranda M | $ | 0.72 | $ | 0.36 | 1.08 | $ | 1.08 |
| Quistorf, Theresa A | $ | 2.29 | $ | 1.14 | 3.43 | $ | 3.43 |
| Rabida, Julie M | $ | 1.19 | $ | 0.60 | 1.79 | $ | 1.79 |
| Rahn, Jay T | $ | 28.28 | $ | 14.14 | 42.42 | $ | 42.42 |
| Rahmlow, Deanna L | $ | 5.58 | $ | 2.79 | 8.37 | $ | 8.37 |
| Raymer, Angel M | $ | 7.04 | $ | 3.52 | 10.56 | $ | 10.56 |
| Reeson, Kailee Rose | $ | 3.44 | $ | 1.72 | 5.16 | $ | 5.16 |
| Reeson, Tanya M | $ | 1.64 | $ | 0.82 | 2.46 | $ | 2.46 |
| Reinholz, Scott R | $ | 21.92 | $ | 10.96 | 32.88 | $ | 32.88 |
| Reinholz, Tammy | $ | 6.52 | $ | 3.26 | 9.78 | $ | 9.78 |
| Reiter, Amanda M | $ | 22.22 | $ | 11.11 | 33.33 | $ | 33.33 |
| Renteria, Artemio | $ | 24.60 | $ | 12.30 | 36.9 | $ | 36.90 |
| Renteria, Rebecca L | $ | 39.76 | $ | 19.88 | 59.64 | $ | 59.64 |

| | | | | |
|---|---|---|---|---|
| Resch, Chelsea M | $ 10.37 | $ 5.18 | 15.55 | $ 15.55 |
| Richter, Alan K | $ 7.86 | $ 3.93 | 11.79 | $ 11.79 |
| Riemer, Nancy Lee | $ 1.39 | $ 0.69 | 2.08 | $ 2.08 |
| Roland, Eric | $ 1.63 | $ 0.82 | 2.45 | $ 2.45 |
| Roller, April M | $ 14.81 | $ 7.41 | 22.22 | $ 22.22 |
| Rosemond, Donna D | $ 15.60 | $ 7.80 | 23.4 | $ 23.40 |
| Ross, Ricquia | $ 0.74 | $ 0.37 | 1.11 | $ 1.11 |
| Rudden, Wanda M | $ 2.01 | $ 1.01 | 3.02 | $ 3.02 |
| Rudolph, Noelle Elizabeth | $ 11.83 | $ 5.92 | 17.75 | $ 17.75 |
| Russell, Alexandria J | $ 7.75 | $ 3.88 | 11.63 | $ 11.63 |
| Russell, Susan M | $ 1.50 | $ 0.75 | 2.25 | $ 2.25 |
| Salazar, Joel M | $ 0.97 | $ 0.48 | 1.45 | $ 1.45 |
| Samson, Alan James | $ 4.57 | $ 2.29 | 6.86 | $ 6.86 |
| Santiago-Soto, Jeremy J | $ 3.68 | $ 1.84 | 5.51 | $ 5.51 |
| Sawall, Monica Renee | $ 6.59 | $ 3.30 | 9.89 | $ 9.89 |
| Sawall, Patricia | $ 12.81 | $ 6.41 | 19.22 | $ 19.22 |
| Schanen, Andrea Rae | $ 45.72 | $ 22.86 | 68.58 | $ 68.58 |
| Scheel, Terry M | $ 49.58 | $ 24.79 | 74.37 | $ 74.37 |
| Scheuers Sobiech, Quincy D | $ 1.67 | $ 0.83 | 2.5 | $ 2.50 |
| Schneider, Mary Jo | $ 0.77 | $ 0.39 | 1.16 | $ 1.16 |
| Schmidt, Rita E. | $ 0.59 | $ 0.30 | 0.89 | $ 0.89 |
| Schmidt, Vickie L | $ 12.62 | $ 6.31 | 18.94 | $ 18.94 |
| Schrimpf, Shaun | $ 10.00 | $ 5.00 | 15 | $ 15.00 |
| Schuh, Rosella A | $ 8.07 | $ 4.04 | 12.11 | $ 12.11 |
| Schumaker, Nicole | $ 1.77 | $ 0.89 | 2.66 | $ 2.66 |
| Schwab, Tammi Ann | $ 52.21 | $ 26.10 | 78.31 | $ 78.31 |
| Schwabe, Ashley K | $ 43.13 | $ 21.57 | 64.7 | $ 64.70 |
| Seider, Lora C | $ 7.89 | $ 3.94 | 11.83 | $ 11.83 |
| Shannon, Napresha I | $ 27.70 | $ 13.85 | 41.55 | $ 41.55 |
| Shaw, Megan M | $ 0.75 | $ 0.38 | 1.13 | $ 1.13 |
| Shaw, Patrick A | $ 95.76 | $ 47.88 | 143.64 | $ 143.64 |
| Shaw, Zachary C | $ 78.69 | $ 39.35 | 118.04 | $ 118.04 |
| Shay, Brittany N | $ 5.48 | $ 2.74 | 8.22 | $ 8.22 |
| Sheehy, Darlene S | $ 59.11 | $ 29.56 | 88.67 | $ 88.67 |
| Sheets, Torie L | $ 8.42 | $ 4.21 | 12.63 | $ 12.63 |
| Shufflebotham, Matthew G | $ 2.77 | $ 1.38 | 4.15 | $ 4.15 |
| Simon, Eldridge | $ 0.70 | $ 0.35 | 1.05 | $ 1.05 |
| Skattebo, Melissa M | $ 0.49 | $ 0.24 | 0.73 | $ 0.73 |
| Slattery, Amy M | $ 10.07 | $ 5.04 | 15.11 | $ 15.11 |
| Sleger, Domonique J | $ 25.05 | $ 12.52 | 37.57 | $ 37.57 |
| Smalley, Samantha R | $ 8.90 | $ 4.45 | 13.35 | $ 13.35 |
| Smart, Fredrick A | $ 41.55 | $ 20.78 | 62.33 | $ 62.33 |
| Smiley, Tammy M | $ 28.56 | $ 14.28 | 42.84 | $ 42.84 |
| Smith, Camille R | $ 4.70 | $ 2.35 | 7.05 | $ 7.05 |
| Smith, Steven P | $ 9.60 | $ 4.80 | 14.40 | $ 14.40 |
| Smith, Victoria L | $ 1.38 | $ 0.69 | 2.08 | $ 2.08 |
| Sole, Clinton J | $ 9.37 | $ 4.69 | 14.06 | $ 14.06 |
| Speights, Tannetta | $ 31.73 | $ 15.87 | 47.6 | $ 47.60 |
| Spencer, Amanda | $ 0.36 | $ 0.18 | 0.54 | $ 0.54 |
| Stauber, Jennifer | $ 16.37 | $ 8.19 | 24.56 | $ 24.56 |
| Stauffacher, Jennifer M | $ 6.83 | $ 3.41 | 10.24 | $ 10.24 |
| Stellmach, John L | $ 4.03 | $ 2.02 | 6.05 | $ 6.05 |
| Stelzer, Stacey | $ 10.67 | $ 5.33 | 16 | $ 16.00 |
| Stennette, Angela | $ 33.50 | $ 16.75 | 50.25 | $ 50.25 |
| Stevenson, Julie | $ 0.08 | $ 0.04 | 0.12 | $ 0.12 |
| Stewart, Chukwuma V | $ 104.23 | $ 52.11 | 156.34 | $ 156.34 |
| Stiles, Joyce P | $ 1.00 | $ 0.50 | 1.5 | $ 1.50 |
| Stokes, Rachel elisa | $ 7.22 | $ 3.61 | 10.83 | $ 10.83 |
| Strauss, Christine L | $ 56.83 | $ 28.42 | 85.25 | $ 85.25 |
| Strong, Nakisha B | $ 23.23 | $ 11.61 | 34.84 | $ 34.84 |
| Sturdivant, Keishaundae | $ 12.91 | $ 6.46 | 19.37 | $ 19.37 |
| Sullivan, Dree F | $ 17.91 | $ 8.96 | 26.87 | $ 26.87 |
| Swift, Parrish D | $ 3.24 | $ 1.62 | 4.86 | $ 4.86 |
| Sumner, Salome L | $ 56.28 | $ 28.14 | 84.42 | $ 84.42 |
| Szymanski, Jody E | $ 28.23 | $ 14.12 | 42.35 | $ 42.35 |
| Taylor, Nefertia N | $ 10.55 | $ 5.28 | 15.83 | $ 15.83 |
| Themer, Lorie A | $ 16.46 | $ 8.23 | 24.69 | $ 24.69 |
| Theobald, Hannah | $ 0.60 | $ 0.30 | 0.9 | $ 0.90 |
| Thiel, Kristina A | $ 16.14 | $ 8.07 | 24.21 | $ 24.21 |
| Thomas, Jessica marie | $ 5.02 | $ 2.51 | 7.53 | $ 7.53 |
| Thor, Toni M | $ 9.56 | $ 4.78 | 14.34 | $ 14.34 |
| Thorne, Megan A | $ 8.57 | $ 4.29 | 12.86 | $ 12.86 |
| Tomei, Gigi S | $ 20.30 | $ 10.15 | 30.45 | $ 30.45 |
| Torres, Annette Marie | $ 5.69 | $ 2.84 | 8.53 | $ 8.53 |
| Treumer, Nicholas jon | $ 5.99 | $ 2.99 | 8.98 | $ 8.98 |
| Turner, Timothy A | $ 87.45 | $ 43.72 | 131.17 | $ 131.17 |
| Urban, Ashlyn Maria | $ 5.09 | $ 2.54 | 7.63 | $ 7.63 |
| Van de Kamp, Margaret M | $ 23.06 | $ 11.53 | 34.59 | $ 34.59 |
| Vang, See | $ 7.13 | $ 3.57 | 10.7 | $ 10.70 |
| Vann, Ronnie B | $ 1.09 | $ 0.54 | 1.63 | $ 1.63 |
| Villani, Casey | $ 3.67 | $ 1.83 | 5.5 | $ 5.50 |
| Viverette, Curtis D | $ 1.71 | $ 0.86 | 2.57 | $ 2.57 |
| Vizcarrondo, Miguel A | $ 10.25 | $ 5.12 | 15.37 | $ 15.37 |
| Wagner, Jan | $ 21.82 | $ 10.91 | 32.73 | $ 32.73 |
| Walls, Kylie P | $ 10.24 | $ 5.12 | 15.36 | $ 15.36 |
| Walters, Jacqulyn Annamarie | $ 14.73 | $ 7.36 | 22.09 | $ 22.09 |
| Walton, Cynthia | $ 20.73 | $ 10.36 | 31.09 | $ 31.09 |
| Wangelin, Taylor Ann | $ 25.93 | $ 12.96 | 38.89 | $ 38.89 |
| Ward, April M | $ 31.43 | $ 15.72 | 47.15 | $ 47.15 |
| Ward, Dorothy | $ 2.35 | $ 1.17 | 3.52 | $ 3.52 |
| Wardell, Charles | $ 22.11 | $ 11.05 | 33.16 | $ 33.16 |
| Wastlick, Keegan M | $ 127.45 | $ 63.72 | 191.17 | $ 191.17 |
| Weinstock, Ann | $ 1.13 | $ 0.57 | 1.7 | $ 1.70 |

| Westberry, Robert Gregory | $ 12.23 | $ 6.11 | 18.34 | $ 18.34 |
|---|---|---|---|---|
| White, Margo J | $ 79.31 | $ 39.66 | 118.97 | $ 118.97 |
| Wiegand, Casandra L | $ 33.33 | $ 16.66 | 49.99 | $ 49.99 |
| Wilburn, Tamonica | $ 38.33 | $ 19.17 | 57.5 | $ 57.50 |
| Williams, Dina M | $ 1.20 | $ 0.60 | 1.8 | $ 1.80 |
| Williams, Kim B | $ 7.59 | $ 3.79 | 11.38 | $ 11.38 |
| Williams, Shakeitha S | $ 59.45 | $ 29.72 | 89.17 | $ 89.17 |
| Wilson, Alexander william | $ 38.55 | $ 19.27 | 57.82 | $ 57.82 |
| Winters, Troy Eric | $ 48.37 | $ 24.18 | 72.55 | $ 72.55 |
| Wohlgemuth, Angel Leah | $ 6.67 | $ 3.33 | 10 | $ 10.00 |
| Wolczewski, Jacob J | $ 1.59 | $ 0.79 | 2.38 | $ 2.38 |
| Wormley, Keyana | $ 4.12 | $ 2.06 | 6.18 | $ 6.18 |
| Wright, Kristianna N | $ 12.35 | $ 6.18 | 18.53 | $ 18.53 |
| Wuestenhagen, Nealy Patricia | $ 8.61 | $ 4.30 | 12.91 | $ 12.91 |
| Young, Catherine E | $ 121.15 | $ 60.58 | 181.73 | $ 181.73 |
| Young, Landon | $ 48.41 | $ 24.21 | 72.62 | $ 72.62 |
| Youngs, Trevor J | $ 1.43 | $ 0.72 | 2.15 | $ 2.15 |
| Zabel, Stephanie M | $ 111.44 | $ 55.72 | 167.165 | $ 167.17 |
| Zacharias, Erin M | $ 94.11 | $ 47.06 | 141.17 | $ 141.17 |
| Zacharias, Meliena M | $ 4.69 | $ 2.34 | 7.03 | $ 7.03 |
| Zalud, Emerald F | $ 14.85 | $ 7.42 | 22.27 | $ 22.27 |
| TOTAL | | | $12,689 | $ 12,689.13 |

**NOTICE OF CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT**

# If you worked as an hourly-paid, non-exempt Direct Service Professional ("DSP") for TLC Homes, Inc. between the dates of January 28, 2016 and January 28, 2019, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

***This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.***

TO: Current and former Hourly-Paid DSPs of TLC Homes, Inc.

RE: Settlement of Claims for Alleged Unlawful Payment Practices

- Sara Bills (the "Class Representative") filed a lawsuit in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Sara Bills v. TLC Homes, Inc.*, Case No. 19-cv-148, alleging that TLC Homes, Inc. ("TLC Homes") failed to include certain non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime compensation purposes (the "Lawsuit").

- TLC Homes denied the allegations but, to avoid costly and time-consuming litigation, entered into a Settlement Agreement and Release (the "Settlement") with the Class Representative.

- For settlement purposes, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for TLC Homes, as follows:

    - The following Rule 23 Class has been certified for settlement purposes for state law claims: All hourly-paid, non-exempt DSPs employed by TLC Homes within the two (2) year period immediately preceding the filing of the Complaint (ECF No. 1) who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours identified in Exhibit A, attached.

    - The following FLSA Collective has been certified for settlement purposes for federal law claims: All hourly-paid, non-exempt DSPs employed by TLC Homes within the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1) who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours identified in Exhibit A, attached.

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by TLC Homes to resolve the Lawsuit (the "Settlement Fund"). **Your legal rights are affected, and you have a choice to make in this action now.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice that were employed at TLC Homes at any time between Janaury 28, 2017 and June 28, 2019 are assumed to be members of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. If you were employed prior to and did not work at TLC Homes after January 28, 2017, you cannot participate in the Rule 23 Class.<br>If you are and wish to remain a member of the Rule 23 Class and do not additionally opt-into the FLSA Collective (described below) you will receive the amount identified on Exhibit A, less applicable tax withholdings, if any.<br>Participation in the Rule 23 Class will release all Wisconsin wage payment collection law ("WWPCL") claims against TLC Homes that arose between January 28, 2017 and January 28, 2019. |
| **EXCLUDE YOURSELF FROM THE RULE 23 CLASS** | As described below, if you exclude yourself, you are excluding yourself from the Rule 23 Class and will not receive any funds from and will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against TLC Homes over the claims in this case and, if you choose to pursue them, may do so with counsel of your choice. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective you must compete and return the "Opt-In Consent Form" by [**DATE 30** days after notice is distributed] (see Section 4, below). Failure to do so will make you ineligible for the FLSA Collective.<br>If you timely complete and return the "Opt-In Consent Form" and join the FLSA Collective, you will receive the additional amount identified on Exhibit A, less applicable tax withholdings, if any.<br>Participation in the FLSA Collective will release all federal Fair Labor Standards Act ("FLSA") wage and hour claims against TLC Homes that arose between January 28, 2016 and January 28, 2019. |

| | |
|---|---|
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and you take no further action, you will remain a member of that Class and will receive the Rule 23 Class amount noted above and will be bound by the Settlement.<br>If you do not qualify as a member of the Rule 23 Class and take no action, you will not be a part of this Lawsuit, you will not receive any funds from the Lawsuit, and you will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

**Your options are explained in this Notice. Please read it carefully.**

## 1. What is this Lawsuit about?

The Class Representative brought this Lawsuit against TLC Homes on behalf of herself and all other similarly situated hourly-paid, non-exempt DSP employees of TLC Homes between January 28, 2016 and January 28, 2019. The Class Representative alleges that TLC Homes failed to pay wages, including overtime wages, as required by the WWPCL and the FLSA due to its alleged failure to include certain non-discretionary compensation in hourly-paid, non-exempt DSPs' regular rates of pay for overtime compensation purposes. The Lawsuit is currently pending before the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

Through the Lawsuit, the Class Representative sought to recover from TLC Homes all unpaid wages, including overtime wages, liquidated damages, and reasonable attorneys' fees and costs, on her behalf as well as on behalf of all other similarly situated hourly-paid, non-exempt employees of TLC Homes. TLC Homes denies all of the Class Representative's allegations, including that TLC Homes violated the WWPCL or FLSA, and contends that its policies and practices were compliant with applicable local, state and federal laws at all times. TLC Homes wishes to settle this Lawsuit, however, to avoid costly and time-consuming litigation and does not admit to any wrongdoing or liability.

The Court has not rendered any decisions or determination on the merits of the Class Representative's claims or TLC Homes' defenses and expresses no opinion on the merits of the Class Representative's claims or TLC Homes' defenses.

The Class Representative and TLC Homes have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as described above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

## 2. Payments Under the Settlement

For purposes of settlement, a Settlement Fund totaling $12,689.13 was created for payment: to each individual who participates in the Lawsuit (as explained above, as well as in Section 3); of a service payment to the Class Representative; and of Class Counsel's attorneys' fees and costs.

**Payments to Participants**

The amounts of the monetary payments for which individuals who participate in the Lawsuit are eligible was determined by recalculating each putative class and collective members' regular rate of pay for overtime compensation purposes based upon an approved methodology by the United States Department of Labor. Payments to participants are commensurate with the amount allegedly owed to putative class and collective members which varies based upon the amount of overtime said employee worked as well as the amount of nondiscretionary compensation said employee received.

**Payment of Attorneys' Fees and Costs**

In addition to the above payments, TLC Homes will pay Class Counsel's reasonable attorneys' fees and costs of $21,810.87.

## 3. Your Right to Participate and the Effect On Your Legal Rights

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. TLC Homes cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

**Participate in the Rule 23 Class**

For purposes of settlement, the Rule 23 Class is a class comprised of all hourly-paid, non-exempt DSPs of TLC Homes who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay between January 28, 2017 and January 28, 2019, as identified on Exhibit A. All recipients of this Notice who were employed at any time between these dates are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class.

Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**Participate in the FLSA Collective**

For settlement purposes, the FLSA Collective is a collective comprised of all hourly-paid, non-exempt DSPs of TLC Homes who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay between January 28, 2016 and January 28, 2019.

Individuals who wish to participate in the FLSA Collective in addition to the Rule 23 Class **must** opt-into the FLSA Collective by completing and returning the enclosed "Opt-In Consent Form" via U.S. mail, fax, or email, to Class Counsel:

By Mail: Walcheske & Luzi, LLC
15850 W. Bluemound Rd., Ste. 304
Brookfield, WI 53005

By Fax: 262-565-6469

By Email: contact@walcheskeluzi.com

**You must return the "Opt-In Consent Form" on or before** [**DATE** 30 days after notice is distributed]. Failure to return the completed form before the deadline will result in you being unable to join the FLSA Collective (but does not affect your participation in the Rule 23 Class, if you qualify as a member of the Rule 23 Class).

Should the **Settlement** be approved by the Court, participation in the FLSA Collective will result in your release of all federal law claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**If You Request to be Excluded**

If you qualify as a member of the Rule 23 Class (meaning you were employed at TLC Homes any time between January 28, 2017 and January 28, 2019 as an hourly-paid non-exempt DSP who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during this time period identified on Exhibit A) and you do not want to participate in the Lawsuit whatsoever, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at TLC Homes and job title(s); and, (iii) specifically state your desire to be excluded from the settlement in *Sara Bills v. TLC Homes, Inc.*, Case No. 19-cv-148. If you exclude yourself, you will not receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state or federal law claims against TLC Homes.

**You must submit your request for exclusion on or before** [**DATE** 30 days after notice is distributed] to Class Counsel below.

If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment.

**If You Object**

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the Court on or before [**DATE** 30 days after notice is distributed] and provide copies of the objection to: Matthew J. Tobin, Walcheske & Luzi, LLC, 15850 West Bluemound Road, Suite 304, Brookfield, Wisconsin 53005, and to Steven

Kruzel, Quarles & Brady, LLP 411 East Wisconsin Avenue, Suite 2350. The objection shall state (i) your full name, address, and telephone number; (ii) your dates of employment at TLC Homes and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of **the Settlement**.

## 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

Walcheske & Luzi, LLC
15850 West Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Email: contact@walcheskeluzi.com
Telephone: (262) 780-1953
*Attorneys for Plaintiff*

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel. **Do not contact the Court.**

## 5. The Fairness Hearing

A hearing will be held before the Honorable Pamela Pepper, United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Courtroom 222, Milwaukee, Wisconsin 53202, on DATE AND TIME. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the enhancement payment and reimbursement of Class Counsel's attorneys' fees and costs. The location, time, and date of this hearing may be changed without further notice.

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Rule 23 Class and FLSA Collective members who do not exclude themselves. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6. Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section VII, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

**OPT-IN CONSENT FORM**

Pursuant to 29 U.S.C. § 216(b), I hereby consent to make a claim against TLC Homes, Inc. ("TLC Homes") for overtime wage allegedly owed for and/or any other claim for wages brought in this action against TLC Homes. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Sara Bills as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. During the period from January 28, 2016 through January 28, 2019, I worked for TLC Homes as a Direct Service Professional and received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to my straight time rate of pay during this time period.

**NAME:** ______________________________
***Nombre*** Print Name

**SIGNATURE:** ______________________________
***Firma*** Sign Name

**DATE:** ______________________________
***Fecha*** Date

**PLEASE RETURN TO**: Walcheske & Luzi, LLC
***Favor de regresar esta forma a***:

**BY MAIL** Walcheske & Luzi, LLC
***Por correo*** 15850 W. Bluemound Rd., Suite 304
Brookfield, WI 53005

or

**BY FAX** (262) 565-6469
***Por fax***

or

**BY E-MAIL** contact@walcheskeluzi.com
***Por correo electronico***

**PLEASE COMPLETE AND RETURN WITH THE CONSENT TO JOIN FORM**

---

NAME: ____________________________________________________________________
*Nombre*

TELEPHONE NUMBER: ________________________________________________________
*Numero de telefono*

E-MAIL ADDRESS: __________________________________________________________
*Direccion de correo electronico*

ADDRESS: _________________________________________________________________
*Domicilio*

CITY: ______________________________ STATE:__________ ZIP CODE:___________
*Cuidad* *Estado* *Codigo postal*

DATES OF EMPLOYMENT: _____________________________________________________
*Fechas de empleo*

JOB POSITION(S): _________________________________________________________
*Puestos de trabajo*

HOURLY RATE OF PAY: ______________________________________________________
*Tarifa de pago*