UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARA BILLS,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

        Case No. 19-cv-148-pp

TLC HOMES, INC.,

        Defendant.

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING CLASSES UNDER 28 U.S.C. §216(B) AND FED. R. CIV. P. 23 AND SETTING FAIRNESS HEARING

On January 28, 2019, the parties filed a joint motion for preliminary approval of class and collective action settlement. Dkt. No. 26. The parties attached their settlement agreement, dkt. no. 26-1, and filed a brief explaining why they believe the settlement is fair, reasonable, and adequate, dkt. no. 27. The parties also applied the Rule 23(a) and (b) standards to the proposed Rule 23 class, which includes all hourly, non-exempt Direct Service Professionals (DSPs) employed by the defendant between January 28, 2017 and January 28, 2019 who received a non-discretionary Retention Bonus, Pick-up Stipend or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in excess of forty hours (identified in Exhibit A to the settlement agreement). Dkt. No. 27 at 13-18.

The court **FINDS** that the settlement agreement (dkt. no. 26-1) is fair, reasonable and adequate and **GRANTS** the joint motion for preliminary approval of class and collective action settlement. Dkt. No. 26.

1

The court **CERTIFIES** the following collective action settlement class under 29 U.S.C. §216(b):

> A FLSA collective class of all hourly-paid, non-exempt DSPs employed by TLC Homes between January 28, 2016 and January 28, 2019, who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours.

The court **CERTIFIES** the following Rule 23 settlement class:

> A Fed. R. Civ. P. 23 class of all hourly-paid, non-exempt DSPs employed by Defendant between January 28, 2017 and January 28, 2019, who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours.

The court **APPOINTS** Sara Bills to serve as representative for the certified 29 U.S.C. § 216(b) Collective Class and the Rule 23 Class.

The court **APPOINTS** Walcheske & Luzi, LLC as class counsel for the certified 29 U.S.C. § 216(b) Collective Class and the Rule 23 Class.

The court **FINDS** that the parties' proposed Notice of Class and Collective Action and Proposed Settlement, dkt. no. 26-1 at 21-25, is the best notice practicable under the circumstances for distribution to all putative members of the Rule 23 Class and Collective Classes. The court **FINDS** that the parties' Notice of Class and Collective Action and Proposed Settlement constitutes valid, due, and sufficient notice to Rule 23 and Collective Class members and **ORDERS** that:

1. The members of the Rule 23 Class who desire to opt-out of this matter must do so within the Notice Period via the procedures identified in the Notice.

2. The Class members who wish to opt-in to the 29 U.S.C. § 216(b) Collective must opt-in within the Notice Period via the procedures identified in the Notice.

3. Any member of either the Rule 23 Class or 29 U.S.C. § 216(b) Collective Class who has not properly and timely requested exclusion from the respective class shall be bound by the Settlement Agreement in the event the court issues a final order approving settlement.

4. The parties shall appear for a fairness hearing on **October 8, 2020**.

5. Class Counsel will make an application for reimbursement of reasonable attorneys' fees, costs and litigation expenses in an amount not to exceed $20,597.89 no later than twenty-one (21) calendar days prior to the fairness hearing.

5. Any members of the Rule 23 Class who wish to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice, which must be postmarked no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position.

Dated in Milwaukee, Wisconsin this 14th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**