UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SARA BILLS
on behalf of herself and all
others similarly situated,

    Plaintiff,

Case No.: 19-cv-148

    v.

TLC HOMES, INC.

    Defendant

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Sara Bills, on behalf of herself and all others similarly-situated, and Defendant, TLC Homes, Inc., jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement & Release." (ECF No. 26-1.)

Accordingly, the parties request that the Court:

1.     Approve the parties' settlement as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e);

2.     Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3.     Approve the settlement payments to the Settlement Class;

4.     Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) days of this Order;

5. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail within ten (10) calendar days of Plaintiff's counsel receipt of the settlement checks from Defendant's counsel;

6. Instruct that the Settlement Class has one hundred eighty (180) days to negotiate or cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

7. Instruct that any Settlement Class member who negotiates or cashes their settlement checks is bound by the settlement;

8. Grant Plaintiff's counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 44), and approve Plaintiff's counsel's requested attorneys' fees and costs in the amount of $21,810.87[1];

9. Grant Plaintiff's unopposed Motion for Approval of Plaintiff's Service Award, (ECF No. 46), and approve the Service Payment in the amount of $3,500.00 to Plaintiff Sara Bills;

10. Dismiss this case on the merits with prejudice.

## **SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On January 24, 2020, the parties filed their Joint Motion for Preliminary Approval of Settlement, (ECF No. 26), and their fully executed "Settlement Agreement & Release." (ECF No. 26-1.)

For settlement purposes only, the parties sought certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for all individuals who have already opted-in to this case, defined as follows (hereinafter the "FLSA Collective"):

---

[1] A typo in the Proposed Order (ECF No. 30) erroneously identified this figure as $20,597.89. The parties settlement agreement (ECF No. 26-1, pgs. 8 and 24) and the brief associated with the preliminary motion (ECF No. 27, pgs. 5, 6, 11, and 27) correctly identifies the amount of attorneys' fees and costs as $21,810.87. Defendant's counsel does not object to this modification from the preliminary approval order. (ECF No. 31.)

> All hourly-paid, non-exempt DSPs employed by TLC Homes between January 28, 2016 and January 28, 2019, who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours identified in Exhibit A, attached.

(ECF No. 26; ECF No. 26-1.)

For settlement purposes only, the parties also sought certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* (the "WWPCL") and Fed. R. Civ. P. 23 ("Rule 23"), defined as follows (hereinafter, the "Rule 23 Class"):

> All hourly-paid, non-exempt DSPs employed by TLC Homes between January 28, 2017 and January 28, 2019 who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours identified in Exhibit A, attached.

(ECF No. 26; ECF No. 26-1.)

On April 14, 2020, this Court preliminarily approved the parties' settlement. (ECF No. 31.) Among other things, the Court:

(1.) Found that the settlement agreement was fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and WWPCL;

(2.) Appointed Plaintiff Sara Bills to serve as representative for the certified 29 U.S.C. § 216(b) Collective Class and Rule 23 Class;

(3.) Appointed Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and Rule 23 Class;

(4.) Found that the parties' proposed Notice of Class and Collective Action and Proposed Settlement constituted the best notice practicable under the circumstances for distribution to all putative members of the Rule 23 Class and Collective Classes;

(5.) Found that the parties' Notice of Class and Collective Action and Proposed Settlement constituted valid, due, and sufficient notice to Rule 23 and Collective Class members;

(6.) Ordered that members of the Rule 23 Class who desired to opt-out of this matter must have done so within the Notice Period via the procedures identified in the Notice;

(7.) Ordered that Class members who wished to opt-in to the 29 U.S.C. § 216(b) Collective must have opted-in within the Notice Period via the procedures identified in the Notice;

(8.) Ordered that any member of either the Rule 23 Class or 29 U.S.C. § 216(b) Collective who did not properly and timely request exclusion from the respective class be bound by the Settlement Agreement in the event the court issues a final order approving settlement;

(9.) Ordered that the parties appear for a fairness hearing on October 8, 2020;

(10.) Ordered that Class Counsel make an application for reimbursement of reasonable attorneys' fees, costs, and litigation expenses no later than twenty-one (21) calendar days prior to the fairness hearing; and

(11.) Ordered that any members of the Rule 23 Class who wished to object in any way to the proposed Settlement Agreement file and serve such written objections per the instructions set forth in the Notice.

On May 11, 2020, and due to circumstances beyond the parties control, Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Rule 23 Class. (Declaration of Matthew J. Tobin (ECF No. 47) ("Tobin Decl."), ¶ 18.) Rule 23 Class members had thirty (30) calendar days after May 11, 2020 – or until June 10, 2020 – to opt-out of the Rule 23 Class (hereinafter simply, the "Rule 23 Notice Period"). (*Id*.) By the end of the Rule 23 Notice Period, only two individuals chose to opt-out of the Rule 23 Class. (*Id*.) Plaintiffs' counsel provided to Defendant's counsel the name and address of the two individuals who opted-out of the Rule 23 Class. (*Id*.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id*. at ¶ 25.)

In total: there are fifty-one (51) individuals who are Rule 23 Class members and who also opted-in to the FLSA collective and there are a total of three hundred and eighty-nine (389) individuals who comprise the Rule 23 Class (inclusive of the fifty-one (51) individuals who also opted-in to the FLSA collective). (ECF No. 26-1, Ex. A; Tobin Decl., ¶ 18.)

## SETTLEMENT CALCULATIONS

Defendant has agreed to pay a total monetary amount of $38,000 to members of the Settlement Class, inclusive of Plaintiff's counsel's requested attorneys' fees and costs in the amount of $21,810.87, and Plaintiff's requested service payment totaling $3,500. (ECF No. 26-1 §§ 3.2, 3.3.) Thus, a monetary settlement fund of approximately $12,689.13 remains for the Settlement Class. Specifically, the settlement fund to the Settlement Class will be distributed in accordance with the amounts indicated in the parties' settlement agreement. (ECF No. 26-1, Ex. A.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) days of the Court's Order entry. (ECF No. 26-1, § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks and settlement correspondence to the Settlement Class via U.S. Mail as soon as practicable, but no later than ten (10) calendar days thereafter. (Tobin Decl., ¶ 28.) Settlement Class members will have one hundred eighty (180) days to negotiate or cash there individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendants), and any Settlement Class member who negotiates or cashes their settlement checks is bound by the terms of the parties' settlement. (ECF No. 26-1, § 4.)

# ARGUMENT

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a bona fide dispute over whether Defendant's violated the FLSA and the WWPCL as alleged by Plaintiffs, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached during multiple months of arms-length settlement negotiations between counsel for the parties. (Tobin Decl., ¶¶ 11-16.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id*.) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 26-1.)

Throughout the litigation of this case, the parties thoroughly investigated and analyzed Plaintiff's claims against Defendant under the FLSA and the WWPCL. (Tobin Decl., ¶¶ 9-14.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment and damages, she also recognizes the weaknesses and potential issues on which she would be required to prevail if the case proceeded to trial, including establishing that the bonuses and other compensation were nondiscretionary and thus would be included in overtime compensation, that the collective members actually are similarly situated for purposes of final certification, that Defendant did not act in good faith, and that Defendant willfully violated the FLSA and the WWPCL, allowing for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*. at ¶ 17.)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*. at ¶ 17.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing for extensive discovery before reaching a settlement in this matter that would have required significant investment from all parties and their counsel before dispositive motions and trial. Even if Plaintiff was to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff.

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class in that the Settlement Class will receive monetary amounts that fairly and accurately represent their individual and actual overtime damages owed for the two-year statutory period under the WWPCL and/or for the three-year statutory period under the FLSA. (ECF No. 26-1, § 3.4; Tobin Decl., ¶ 23.) Thus, the overall balance supports approval of settlement. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006).

The settlement will provide Plaintiff and the Settlement Class with a significant recovery while eliminating the risks and costs both Plaintiffs and Defendants would bear if this litigation continued to a decision on the merits. (Tobin Decl., ¶ 23.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id*. at ¶ 25.)

### III. PLAINTIFF'S SERVICE PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides Plaintiffs' counsel attorneys' fees and costs in an amount not to exceed $21,810.87. (ECF No. 26-1, § 3.2.) This total amount is representative of (and actually less than) Plaintiff's counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter, including costs, to date and through the Fairness Hearing and the ultimate resolution of this matter. (Tobin Decl., ¶ 22.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Attorneys' Fees and Costs in the total amount of $21,810.87. (ECF No. 44), and Plaintiff has filed a Motion for Approval of Plaintiff's Service Award in the total amount of $3,500, (ECF No. 46), Defendant has agreed not to oppose these Motions. (ECF No. 26-1, §§ 3.2, 3.3.)

### CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Approve the parties' settlement as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e);

2. Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3. Approve the settlement payments to the Settlement Class;

4. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) days of this Order;

5. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail within ten (10) calendar days of Plaintiff's counsel receipt of the settlement checks from Defendant's counsel;

6. Instruct that the Settlement Class has one hundred eighty (180) days to negotiate or cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

7. Instruct that any Settlement Class member who negotiates or cashes their settlement checks is bound by the settlement;

8. Grant Plaintiff's counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 44), and approve Plaintiff's counsel's requested attorneys' fees and costs in the amount of $21,810.87;

9. Grant Plaintiff's unopposed Motion for Approval of Plaintiff's Service Award, (ECF No. 46), and approve the Service Payment in the amount of $3,500.00 to Plaintiff Sara Bills;

10. Dismiss this case on the merits with prejudice.

Dated this 16th day of September, 2020

*s/ Matthew J. Tobin*  
JAMES A. WALCHESKE  
State Bar No. 1065635  
SCOTT S. LUZI  

*s/ Steven M. Kruzel*  
SEAN M. SCULLEN  
State Bar No. 1034221  
STEVEN M. KRUZEL

State Bar No. 1067405
MATTHEW J. TOBIN
State Bar No. 1097545

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: mtobin@walcheskeluzi.com
Telephone: (262) 780-1953

*Attorneys for Plaintiff*

State Bar No. 1086539

QUARLES & BRADY, LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, Wisconsin 53202
Email: sean.scullen@quarles.com
Email: steven.kruzel@quarles.com
Telephone: (414) 277.5421

*Attorneys for Defendant*