UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SARA BILLS,

            Plaintiff,

    v.                                        Case No. 19-cv-148-pp

TLC HOMES INC.,

            Defendant.

---

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL (DKT. NO. 43), GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 44), GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SERVICE AWARD (DKT. NO. 46) AND DISMISSING CASE**

---

      The plaintiff filed a collective and class action on behalf of herself and similarly situated current and former hourly-paid, non-exempt Direct Service Professionals (DSPs) employed by the defendant. Dkt. No. 1. According to the plaintiff, the defendant did not include all non-discretionary forms of monetary compensation (such as bonuses, stipends, incentives and other monetary awards) in its regular rates of pay for purposes of calculating overtime. Id. A little over a year after the case was filed, in April 2020, the court preliminarily approved the parties' settlement and certified two classes: a collective class under the Fair Labor Standards Act (FLSA) and a Rule 23 class under Wisconsin's Wage Payment and Collection Laws (WWPCL). Dkt. No. 31. The parties since have filed a joint motion for settlement approval, dkt. no. 43, and the plaintiff has filed a motion for attorneys' fees and costs, dkt. no. 44, and a motion for approval of the service award, dkt. no. 46.

1

## I. Joint Motion for Settlement Approval (Dkt. No. 43)

Both the FLSA collective action and the Rule 23 class action settlement require judicial approval. The Rule 23 class action settlement requires a hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The considerations in the rule overlap with the factors articulated by the Seventh Circuit: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

2

A. Adequacy of Representation—Rule 23(e)(2)(A)

The court previously appointed the plaintiff as representative of the collective and Rule 23 classes. Dkt. No. 31 at 2. The court certified the following two classes:

> A FLSA collective class of all hourly-paid, non-exempt DSPs employed by TLC Homes between January 28, 2016 and January 28, 2019, who received a non-discretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forth (40) hours.
>
> A Fed. R. Civ. P. 23 class of all hourly-paid, non-exempt DSPs employed by Defendant between January 28, 2017 and January 28, 2019, who received a nondiscretionary Retention Bonus, Pick-up Stipend, or Direct Care Worker Fund bonus in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours.

Dkt. No. 31 at 2. The court found the claims asserted by the plaintiff to be representative of the classes and it has not identified any conflicting interests between the plaintiff and the other class members. In addition, class counsel, the law firm of Walcheske & Luzi, adequately represented the class throughout the litigation; the firm has handled dozens of similar disputes in federal courts in this state. Dkt. No. 28 at ¶6. With respect to this first factor, the court is satisfied that class is adequately represented.

B. Arm's Length Negotiations and Non-Collusiveness of Settlement Process—Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." Wong, 773 F.3d at 863. The parties have identified a genuine dispute about liability: (1) whether the defendant failed to incorporate certain nondiscretionary bonuses into the employees' regular rates of pay for overtime

3

calculation purposes; (2) whether the bonuses were nondiscretionary; (3) whether the defendant willfully violated the FLSA; and (4) the amount of liquidated damages (if any). Dkt. No. 27 at 8. They reached the settlement after starting discovery and engaging in "months of arms-length settlement negotiations between counsel." Dkt. No. 43 at 7; Dkt. No. 28 at ¶¶11-17. Counsel discussed the strength of the plaintiff's claims and the defendant's defenses, as well as the monetary and non-monetary terms of settlement and procedures. Dkt. No. 43 at 7. The plaintiff acknowledges the strengths and weaknesses of her claims. Id. The court is satisfied that the parties negotiated at arm's length and in good faith, balancing the strength of the plaintiff's case on the merits against the amount offered in settlement. This factor also weighs in favor of approving the settlement.

  C. <u>Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors</u>

When considering the adequacy of relief, Rule 23(e)(2) instructs the court to take into consideration the costs, risks and delay of trial and appeal, the effectiveness of the proposed method of distribution, the terms of any proposed award and the agreements made in connection with the settlement. Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. Wong, 773 F.3d at 863.

The Agreement provides for a gross settlement amount of $38,000, which includes: (1) $12,689.13 for alleged unpaid overtime of the class members; (2) $3,500 as a service payment to the plaintiff; and (3) $21,810.87 in attorneys' fees and costs to class counsel. Dkt. No. 26-1 at 3, 8. The amounts of the payments were determined by recalculating each members' rate of pay for overtime compensation purposes based on a methodology approved by the

4

United States Department of Labor. Id. at 24. The Agreement is structured so that a member automatically receives a *pro rata* share of the settlement award without having to file a claim. Id. at 9. If an FLSA collective class member opts in, he or she will receive an increased award. Dkt. No. 27 at 9.

    1.    *The Costs, Risks, and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for close to two years. The parties exchanged initial disclosures, the plaintiff served written discovery and the defendant provided time and payroll records for its DSPs. Dkt. No. 28 at 3. Class counsel noted discrepancies and the defendant revised its calculations. Id. The parties acknowledge that they were preparing for extensive discovery prior to the settlement. Dkt. No. 43 at 8. Before this case could go to trial, there would have been substantial discovery and the briefing of dispositive motions.

    2.    *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

The court first looks at the size of the class: there are fifty-one[1] individuals who are Rule 23 class members and who also opted in to the FLSA collective class. Dkt. No. 43 at 5. Overall, there are 389 individuals who comprise the Rule 23 class (that includes the previously mentioned fifty-one collective class members). Id. The parties have laid out in the Agreement the method of distributing the settlement checks to the class members—the settlement checks will be mailed to class counsel within thirty days after entry of the final judgment for distribution to the plaintiffs. Dkt. No. 43-1 at 7. After receiving the checks, class counsel will mail the checks to class members via

---

[1] At the October 8, 2020 fairness hearing, the plaintiffs' counsel indicated that there were fifty-two collective members, with only two having opted out.

5

U.S. Mail as soon as practicable but no later than ten days after receiving the checks. Dkt. No. 47 at ¶28. The settlement checks expire 120 days after issuance. Compare dkt. no. 43-1 at 7 with dkt. no. 43 at 5. If class counsel becomes aware that a plaintiff did not receive the check or reports it lost or destroyed, class counsel will alert defendant's counsel who then will stop payment on the original check and issue a new check. Id. Defendant's counsel calculated the allocation using uniform methods and class counsel independently verified the amounts. Each class member's allocation will be treated as wage relief and the defendant will withhold payroll taxes and other withholdings. Dkt. No. 43-1 at 9. The parties appear to have an effective method of distribution as demonstrated by the Agreement and Exhibit A.

       3.    *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

The Agreement provides for the payment of $21,810.87 in attorneys' fees and costs using the lodestar method. Dkt. No. 43-1 at 8. While that amount represents a greater award than that which may have been awarded using a percentage calculation, class counsel has filed an affidavit revealing that it is less than his actual billing rate for the hours worked on the case to date. Class counsel represents that the actual amount of time and costs that the plaintiff's counsel spent litigating and resolving the case was $26,430.55 (approximately $25,580 in attorneys' fees and approximately $850.55 in litigation expenses including the costs of sending notices). Dkt. No. 47 at ¶¶20, 22; Dkt. No. 48 at ¶10. Under the terms of the Agreement, the payments for any court-approved attorneys' fees and costs will be wired to the class counsel within thirty days after the court has approved the payments (provided class counsel has provided adequate account information at least ten days prior to this deadline). Dkt. No. 43-1 at 9.

6

4. *Any Agreement Required To Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the Agreement itself that must be considered pursuant to Rule 23(e)(3).

The adequacy of relief weighs in favor of approving the Agreement.

D. Equitable Treatment of Class Members—Rule 23(e)(2)(D)

All class members are entitled to a *pro rata* share and will receive the same treatment. This factor weighs in favor of approving the Agreement.

E. The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement.

F. The Opinion of Competent Counsel-The Seventh Circuit's Fifth Factor

Attorneys Luzi and Tobin filed declarations regarding the adequacy of the settlement and the reasonableness of their fees. Attorney Tobin explains the result is excellent for the class members because the award "practically compensates the individuals for the vast majority (if not all) monetary damages alleged in this matter. Dkt. No. 47 at 6. In addition to the opinions of class counsel, Attorney Larry Johnson and Attorney Summer Murshid filed declarations based on their years of practice in this field (with another firm). Dkt. No. 49. Both Johnson and Murshid currently bill at a rate of $400 per hour, which has been approved in this district, and both understand that class counsel, Attorneys Luzi and Tobin, currently bill at rates of $400 and $325 respectively. Id. Based on their experience, these hourly rates are fair and reasonable. This factor, too, weighs in favor of settlement.

G. Final Approval

After reviewing the Agreement and considering all the above factors, the court will grant the joint motion for approval of settlement.

## II. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 44)

Class counsel asks the court to approve fees and costs in the total amount of $21,810.87 as contemplated by the Agreement and Release. Dkt. No. 44. Counsel notes that this is a voluntary reduction from actual attorneys' fees and costs to date, which total $26,430.55. Dkt. No. 47 at 6.

Under FLSA, plaintiff may seek reimbursement for fees and costs. 29 U.S.C. §216(b). In addition, successful litigants may seek fees and costs under Wis. Stat. §109.03(6). The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either a percentage of the fund or lodestar methodology. Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 566 (7th Cir. 1994).

Class counsel has calculated fees using the lodestar method, which is "frequently employed in common fund cases." Harman v. Lyphomed, Inc., 945 F.2d 969, 973 (7th Cir. 1991). To calculate the lodestar, the court "[m]ultipl[ies] the hours reasonably expended by the reasonable hourly rates." Id. at 974. "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014).

The court initially had some hesitation with the award. Class counsel asks for an award of $21,810.87 out of the $38,000 Gross Settlement Award—approximately fifty-seven percent of the Gross Settlement Amount. However,

8

the time spent and hourly rates appear reasonable and the amount is less than the hours actually worked and billed ($26,430.55). In addition, the hourly rates are $400 for Attorney Luzi and $325 for Attorney Tobin, both of whom are experienced in FLSA and WWPCL cases. These rates are consistent with market rates and supported by the declarations of Larry Johnson and Summer Murshid.

Although counsel did not provide time records, Attorney Tobin recounted the work performed on this case in his declaration. Dkt. No. 47. After serving written discovery and receiving the payroll records, class counsel reviewed the defendant's itemization and noted discrepancies. Dkt. No. 47 at ¶12. Defendant revised the itemization and class counsel conducted a further review. Id. The firm sent notice forms to 391 members of the FLSA collective class and responded to dozens of members from the two classes. Id. at ¶18. Class counsel drafted the various pleadings, including work on the Agreement, the joint motion for preliminary and final approval. Overall, the firm has spent 74.9 hours litigating this case (58.4 by Attorney Tobin and 16.5 for Attorney Luzi). Dkt. No. 45 at 6. Attorney Tobin bills at $325 an hour, resulting in total fees for his 58.4 hours of work of $18,980. Attorney Luzi bills at $400 an hour, resulting in total fees for his 16.5 hours of work of $6,600. The attorneys' fees worked and billed total $25,580, plus $850.55 in costs, primarily relating to the filing fee and the sending of notices, for a total of $26,430.55 in fees and costs—some $4,600 more than the amount of the requested award. The firm will continue to spend hours taking care of the disbursement of the settlement checks. The court will approve the unopposed award of fees and costs.

### III. Plaintiff's Motion for Approval of Service Award (Dkt. No. 46)

The plaintiff also requests a service award of $3,500. Dkt. No. 46. "In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998).

It appears that the plaintiff has achieved a good result for the class, having secured an award of "virtually all" of the class members' damages. This case has been pending close to two years and the parties have engaged in some discovery. In addition, the service award appears to be fair and reasonable in comparison to other awards in this district. Id. For example, this court approved service awards of $5,000 in Pintor v. Hypro, Case No. 17-cv-890 (E.D. Wis. 2018) and Pintor v. Fall River Group, Case No. 17-cv-865 (E.D. Wis. 2018). Last year, Judge J.P. Stadtmueller approved a $5,000 service award in Weninger v. General Mills Operations, LLC, No. 18-CV-321-JPS, 2019 WL 1746703 (E.D. Wis. 2019). The court will grant the plaintiff's motion for approval of a $3,500 service award in this case.

### IV. Conclusion

The court **GRANTS** the joint motion for approval of settlement. Dkt. No. 43. The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **APPROVES** the settlement payments to the settlement class. Defendant's counsel shall provide class counsel with the settlement checks for the settlement class within thirty days of this order. Upon receiving the

10

settlement check, class counsel must mail the settlement checks to the settlement class via U.S. Mail within ten days.

The settlement class members each have 120 days to negotiate or cash their individual checks. If the checks are not cashed in that time, the amounts revert to the defendant. Any settlement class member who negotiates or cashes their settlement check is bound by the settlement.

The court **GRANTS** the class counsel's motion for approval of attorneys' fees and costs. Dkt. No. 44. The court **APPROVES** the requested attorneys' fees and costs in the amount of $21,810.87.

The court **GRANTS** the plaintiff's unopposed motion for approval of plaintiff's service award. Dkt. No. 46. The court **APPROVES** the requested payment in the amount of $3,500 to the plaintiff.

The court **ORDERS** that this case is **DISMISSED with prejudice** and will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of October, 2020.

                                           **BY THE COURT:**

                                           **HON. PAMELA PEPPER**
                                           **Chief United States District Judge**